[No. 2903. Decided December 16, 1898.]

## The Seattle National Bank, *Appellant,* v. School District No. 40, *Respondent.*

PLEADING—SUFFICIENCY OF COMPLAINT—RES JUDICATA—ASSIGNMENT —ACCOUNTING.

A complaint in an action to recover on school warrants does not state a cause of action when it appears therefrom that the invalidity of the warrants had been determined in a suit to which the present plaintiff was a party as defendant, even though the judgment was upon the unintentional default of the defendant in the prior action.

A complaint does not state a cause of action in favor of plaintiff as the assignee, or successor in interest, under a contract, when it simply avers that the contractor had sold and transferred certain warrants and all his rights thereunder to plaintiff.

Where the complaint in an action for an accounting neither states a fiduciary relation between the parties, nor any facts showing the complicated nature of the accounts between them, nor that any demand for an accounting and refusal thereof had been made before suit, it is demurrable as not stating facts sufficient.

Appeal from Superior Court, Kittitas County.—Hon. John B. Davidson, Judge. Affirmed.

*Preston, Carr & Gilman,* and *Mires & Warner,* for appellant.

*Kauffman & Frost,* and *Kirk Whited,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The amended complaint in this action, omitting the venue, title and verification, reads as follows:

" Comes now the plaintiff above named, and for cause of action against the defendant above named, alleges:

1. That it is and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the United States, and engaged in a general banking business in the city of Seattle, state of Washington.

2. That the defendant is and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the state of Washington.

3. That on or about the 5th day of September, 1893, at an election regularly held for that purpose, the electors of the said School District No. 40, the defendant herein, authorized the directors of the said school district to contract for the erection of a brick school house at Wenatchee, Kittitas county, Washington, and to issue bonds of said school district in the sum of $10,000 in payment thereof.

4. That thereafter, to-wit, on or about the 13th day of November, 1893, the directors of said school district, pursuant to authority in them vested, did enter into a contract in writing with one William Peacock to erect said school house for the sum of $7,344. That in said contract it was provided that $2,000 of the contract price should be paid to the contractor upon the completion of the foundation of said building, and the delivery of the materials for the construction of the remainder of the said building on the ground, except mill work.

5. That thereafter, to-wit, on or about the 24th day of November, 1893, the directors of said school district directed and authorized the said contractor to add to said building as an extra, a basement story, and agreed to pay therefor the sum of $656.

24—20 WASH.

6. That on or about the 24th day of November, 1893, the said contractor commenced the construction of said building, and on the 25th day of January, 1894, had (as plaintiff is informed) substantially completed the foundation and basement story of the said school house and delivered on the grounds the material for said building in accordance with the terms and conditions of said contract, and thereupon demanded the payment of the first installment of the contract price, to-wit, the sum of $2,000, and the sum agreed upon for the construction of the basement story, to-wit, $656.

7. That at the time said contractor demanded the payments of the amounts referred to in the last preceding paragraph, he stated to the directors of the said school district in regular meeting assembled, that he would be unable to proceed with his contract unless said payments were made; and that if said directors could issue warrants for the amount due, the said contractor would dispose of them to the plaintiff herein, and thereby secure sufficient money to complete the contract in accordance with the terms and conditions thereof.

8. That thereupon the said directors at a regular meeting held for that purpose on or about January 25, 1894, with knowledge of the intention of the contractor to sell the said warrants to the plaintiff, and in order that the contractor might sell the same to the plaintiff, issued and delivered to said contractor five warrants in the sum of $500 each, payable out of special fund No. 1, and drawn upon the treasurer of Kittitas county, Washington.

9. That thereafter said contractor for the sum of $2,425, paid him therefor by the plaintiff, and with the knowledge and consent of the directors, sold, assigned, transferred and set over to this plaintiff the said warrants, and all his rights thereunder.

10. That thereafter, to-wit, on or about the first day of October, 1894, the said contractor having theretofore, but after the purchase of said warrants by the plaintiff, abandoned his contract, the defendant, by its directors took possession of so much of the foundation and basement story as had been constructed by the said contractor, and of said materials, and used the same in the completion of the erection of the building.

11. That no payment has ever been made to this plaintiff on account of said warrants nor for any part of the value of the labor and materials which entered into the said building appropriated as aforesaid by the said defendant to its use, and that the value of the labor and materials at the time of said appropriation is not known to the plaintiff, but it believes the same to be reasonably worth the sum of $2,656.

12. That on the 9th day of July, 1894, the directors of the defendant commenced an action in the superior court of said Kittitas county to restrain the county treasurer of said county, the custodian of said Special Fund No. 1, from paying said warrants upon presentation, alleging as ground for the relief sought that the meeting referred to in the eighth paragraph hereof was not a lawful meeting and that the act of the officers of the district in issuing said warrants was unlawful and that the contractor at the time of the issuance of the said warrants was not under the contract lawfully entitled to have the same issued, and thereafter such proceedings were had that the said court upon the inadvertent and unintentional default of the plaintiff, perpetually enjoined said county treasurer from paying said warrants, and the judgment has become final.

13. That plaintiff bought said warrants in ignorance of any fact rendering the same illegal, and upon the faith and belief that the same were lawfully issued for full value received by the district, and the plaintiff is now ignorant and therefore unable to specifically allege how much of value contributed by the contractor the district has appropriated and received without paying anything therefor to any person whomsoever, but the facts in relation thereto rest peculiarly within the knowledge of the defendant.

14. That the defendant has refused to recognize any liability on its part to the plaintiff on account of the facts aforesaid, and has refused to pay the plaintiff any sum whatever.

Wherefore, plaintiff prays that an accounting be had in this action to determine the amount equitably due the plaintiff from the defendant and that it have judgment against the defendant in the sum so found due, and that a

writ issue commanding the board of directors of the defendant to pay or provide for the payment of plaintiff's demand as established, and that plaintiff have such other relief as in equity it ought to have and recover from the defendant its costs and disbursements in this action."

To this complaint the respondent interposed a demurrer on the ground that it failed to state facts sufficient to constitute a cause of action, which demurrer was sustained by the court. The appellant declined to amend, and elected to stand upon its complaint; and judgment was thereupon rendered dismissing the complaint at the costs of the plaintiff, and the plaintiff appealed.

The sole question presented for our determination is whether the court erred in sustaining the demurrer to the complaint, or, in other words, whether the complaint states a cause of action. It is difficult to determine with certainty the theory on which the complaint was framed. If it was intended to state a cause of action upon the warrants issued by the school district and owned and held by the appellant, it is manifestly insufficient, because it shows upon its face that the legality and validity of the warrants were determined in the injunction suit to which appellant was made a party, and in which, it is alleged, the judgment has become final. It is so well settled that all parties to an action, in a court of competent jurisdiction, are bound by the judgment therein, that no citation of authorities is necessary to sustain the proposition. Nor does the fact that judgment was rendered against a party by default constitute any exception to the general rule. Upon this subject Mr. Freeman says:

" The rule that a judgment is conclusive of every fact necessary to uphold it admits of no exceptions, and is equally applicable, whether the final adjudication resulted from the most tedious and stubborn litigation, or from a suit in which no obstacle was presented to defeat or delay plaintiff's recovery. A judgment by default is 'attended

with the same legal consequences as if there had been a verdict for the plaintiff. There exists no solid distinction between a title confessed and one tried and determined.' " 1 Freeman, Judgments (4th ed.), § 330.

If, on the other hand, the complaint was intended to set forth a cause of action by appellant as assignee or successor in interest of the contractor, Peacock, the complaint is evidently demurrable, for the reason that it nowhere alleges an assignment of the contract, but simply avers that said contractor sold, assigned, transferred and set over to the appellant the said warrants, and all of his rights thereunder. And, again, if appellant undertook to state a cause of action for an accounting, the demurrer was rightly sustained, for the reason that the complaint neither states a fiduciary relation between itself and the school district, or the directors, nor any facts showing that an accounting was necessary, or that one had even been demanded before bringing the action.

" The best considered authorities put the equitable jurisdiction upon three grounds, to-wit: the complicated character of the accounts; the need of discovery; and the existence of a fiduciary or trust relation." 1 Enc. Pl. & Pr., p. 93.

See, also, 3 Pomeroy, Equity Jurisprudence (2d ed.), § 1421.

To justify an accounting, there must generally be mutual demands.

"A single matter cannot be the subject of an account. There must be a series of transactions on one side and of payments on the other." 1 Enc. Pl. & Pr., p. 94.

In exceptional cases, however, courts of equity will exercise jurisdiction where the accounts are all on one side. 3 Pomeroy, Equity Jurisprudence (2d ed.), § 1421.

In general, a complaint for an accounting must show by specific averments that there is a fiduciary relation ex-

isting between the parties, or that the account is so complicated that it cannot conveniently be taken in an action at law. And it must allege that the plaintiff has demanded an accounting from the defendant, and the latter's refusal to render it, in order to state a cause of action. 1 Enc. Pl. & Pr., p. 98.

It would seem that, if appellant has any right of action against the defendant, it has a plain and adequate remedy at law. If, in fact, it is the assignee of the contractor, Peacock, and desires to assert any claim arising out of his contract with the respondent, it should have so alleged in its complaint, and sued the school district for the value of labor performed and materials furnished; and the fact, as intimated, that such value is peculiarly within the knowledge of the school district directors, constitutes no reason why such an action, if maintainable at all, could not be waged.

We think the judgment appealed from is right, and it is therefore affirmed.

SCOTT, C. J., and REAVIS, GORDON and DUNBAR, JJ., concur.