[No. 10802.    Department One.    March 6, 1913.]

## H. G. KELLEY, *Appellant*, v. G. Y. SAKAI et al., *Respondents.*[1]

JUDGMENT—RES JUDICATA—BAR—MATTERS CONCLUDED—DENIAL OF MOTION TO VACATE. An order denying a motion to vacate a judgment for want of service of process, for the reason that an order on a previous similar motion had finally disposed of the matter, is *res judicata* and a bar to a subsequent action to set aside the judgment for want of service of process.

JUDGMENT—ACTION TO SET ASIDE—PLEADING. An allegation in a complaint to set aside a judgment, that plaintiff believes the judgment creditor to be a fictitious person, is neutralized by an allegation that he is a resident of the county.

SAME. The denial of a motion to vacate a default judgment is *res judicata* and a bar to an action to set aside the judgment on the ground that the plaintiff was a fictitious person; since the objection goes to the merits of the case.

[1]Reported in 130 Pac. 503.

APPEAL—RECORD—MOTION AND ORDERS. The denial of a motion for a change of venue will not be reviewed on appeal, where neither the motion nor order is brought up in the record and the sufficiency of the application ascertained from anything in the record.

APPEAL—RECORD—AFFIDAVITS. The supreme court cannot consider affidavits, filed long after judgment, and not made a part of the bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered May 25, 1912, dismissing an action to vacate a judgment, after a trial on the merits. Affirmed.

*R. B. Brown* and *Thomas R. Horner*, for appellant.

*Hamlin & Meier*, for respondents.

PARKER, J.—The plaintiff commenced this action to pro-. cure a decree setting aside a judgment rendered against him in the superior court for King county, upon the ground that the judgment was rendered without any service of summons upon him. The trial court denied the relief prayed for and dismissed the action, being of the opinion that the validity of the judgment had been finally adjudicated against the contentions of the plaintiff, in former proceedings prosecuted by him in the superior court for King county, wherein he sought to have it set aside. The plaintiff has appealed.

The controlling facts touching the question of former adjudication appear beyond controversy in the pleadings. The trial court disposed of the cause upon these facts, rejecting offered evidence upon the other questions raised. These facts may be summarized as follows: In September, 1908, an action was commenced in the superior court for King county, by respondent G. Y. Sakai against appellant H. G. Kelley, to recover the sum of $271.80 for services rendered. Thereafter proof of personal service of the summons and complaint upon appellant, plaintiff in this action, was made by affidavit of a private citizen. Thereafter appellant, having failed to appear and answer in that action within the time prescribed by

law, was by the court adjudged to be in default, and thereafter judgment was accordingly rendered against him as prayed for. Referring to the judgment and proof of service, appellant alleges in his complaint:

"That the said judgment so entered as aforesaid was fraudulently obtained and is void for the following reasons, to wit: That said purported affidavit of personal service upon the defendant therein, H. G. Kelley, plaintiff herein, is false and untrue in that no service whatever was ever had upon said Kelley. . . ."

About ten months after the rendering of the judgment, appellant moved the court to set aside the judgment, alleging as grounds therefor:

"That the defendant H. G. Kelley was never served with process in this action and the court was without jurisdiction to render judgment against said defendant."

This motion was signed by his attorney and was supported by the affidavit of himself attached thereto. Thereafter this motion, coming on for hearing, was by the court denied, the court in its order assigning as its reason therefor that the motion was not accompanied by an affidavit of merits. Thereafter appellant made another motion to vacate the judgment, alleging as grounds therefor the same facts in substance as in his first motion. This second motion stated that it was based upon the affidavit of H. G. Kelley, this appellant, filed therewith. We assume that this was an affidavit verifying the allegation of no service of summons, and also an affidavit of merits, though the affidavit does not appear in this record. Thereafter this second motion to vacate the judgment was regularly brought on for hearing before the court, when it was disposed of by the following order:

"Now in open court, the above entitled matter coming on for hearing, and trial, Hon. Ben Sheeks, judge presiding, parties appearing, the plaintiff, F. A. Gilman, his attorney, and the defendant, H. G. Kelley, in person and by A. P. Moran, his attorney. Said cause was heard and tried upon the motion of the defendant Kelley filed in this court on the 31st

day of December, 1910, and the evidence of the respective
parties being adduced and heard and the court being fully ad-
vised in the premises, it is hereby ordered that said motion
be and the same is denied for the reason that the matters
therein have been heretofore adjudicated against defendant,
H. G. Kelley. To which order defendant Kelley excepted and
exception allowed.

"Dated January 27th, 1911. Ben Sheeks, Judge."

Thereafter H. G. Kelley, this appellant, appealed from that
disposition of his second motion, to this court, which appeal
was thereafter dismissed because of the insufficiency of the
record brought up to enable the court to review the correct-
ness of the order. Our decision upon that appeal is reported
in *Sakai v. Keeley,* 66 Wash. 172, 119 Pac. 190. F. A. Gil-
man was made a defendant in this action because he filed and
claimed a lien upon the judgment, he having been attorney
for Sakai in that action.

Does the order of the superior court disposing of the second
motion to vacate the judgment, and the dismissal of the appeal
therefrom by this court, render final as against appellant the
validity of the judgment here sought to be vacated? It seems
to us that this question must be answered in the affirmative. It
is manifest that both the first and second motions to vacate
the judgment, as well as this action, all had the same object
in view, to wit: the vacation of the judgment upon the ground
that appellant had never been served with summons in the
action. If we were here concerned with questions of error of
the superior court in denying appellant's first and second mo-
tions to vacate the judgment, it is not impossible that both
could be shown to have been erroneously denied. But we have
no such question here and could not have, because this is not
an appeal or proceeding to review either of these orders. Of
course, there was no want of jurisdiction in making them.
Nor are we here concerned with the question of the finality of
the first order as an original question. It will be noticed that
the second motion was denied for the reason that the ques-
tions raised thereby had theretofore been formally adjudi-

cated against the appellant. We assume for argument's sake that the former adjudication there referred to was that made by the first order denying the motion to vacate, though we have nothing before us so showing. This second order was, in any event, a final adjudication upon the effect of the first order or possibly some other order or judgment. The exact nature of the order or judgment constituting the adjudication mentioned in the second order, however, is wholly foreign to the question here involved, because this second order finally adjudicated that there had been a former adjudication as to the validity of the judgment against appellant, and, as we have noticed, we are not here reviewing the correctness of the second order. That order was attempted to be reviewed on appeal, which being dismissed left it in full force and effect as an adjudication that there had been a former adjudication.

It has become the settled law of this state by the repeated decisions of this court, that an order denying a motion to vacate a judgment is a bar to any subsequent proceeding, whether it be by motion or an independent action seeking the same relief. The subject is noticed at some length in *Meisenheimer v. Meisenheimer*, 55 Wash. 32, 104 Pac. 159, 133 Am. St. 1005, where our former decisions are reviewed. In the later case of *Flueck v. Pedigo*, 55 Wash. 646, 104 Pac. 1119, Justice Rudkin, speaking for the court, said:

"In the case of *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955, it was held that our statute affords a full, complete, and adequate remedy against an illegal judgment by authorizing the aggrieved party to proceed by motion to vacate and set aside, and permitting an appeal from an order entered on such motion, and that one who has attacked a judgment by motion to vacate, and has failed to prosecute an appeal from a denial of his motion, cannot subsequently maintain an action to cancel the judgment, since the question of the validity of the judgment is *res judicata*. The doctrine announced in that case was reaffirmed in *McCord v. McCord*, 24 Wash. 529, 64 Pac. 748; *Pierce County v. Bunch*, 49 Wash. 599, 96 Pac. 164, and in the recent case of *Meisen-*

*heimer v. Meisenheimer, ante* p. 32, 104 Pac. 159, and has become the settled law of this state."

*Newell v. Young,* 59 Wash. 286, 109 Pac. 801, reaffirms this view. We are of the opinion that the order denying the second motion to vacate the judgment became a final adjudication as to the validity of the judgment against appellant.

Some contention is made in behalf of appellant upon the theory that the complaint alleges facts showing that there is no such person as the respondent Sakai, that therefore respondent Gilman had no authority to represent Sakai in procuring the judgment, and that appellant was entitled to introduce evidence so showing in this case. The only allegations of the complaint which could possibly be considered as tendering this issue are that:

"Plaintiff believes that said Sakai is a fictitious character; that he does not know any such person as G. Y. Sakai; that he is not indebted to said Sakai in any sum whatever, and at no time had any contractual relation with him."

If these allegations be deemed sufficient for the purpose claimed, their force is entirely destroyed by the first allegation of the complaint, reading as follows: "That the defendants and each of them are residents of said King county, Washington, wherein this cause of action arose."

Another answer to this contention is that these questions relate to the merits of the case in which the judgment was rendered. In its final analysis, this contention is simply that appellant is not indebted to Sakai. That is the very question adjudicated against appellant by that judgment, which, as we have seen, has since been adjudged to be a valid judgment. It seems clear to us that these are not issues properly in this case.

It is contended that the trial judge erred in denying appellant's motion for the transfer of the case to another department of the court, on account of the prejudice of the judge of the department where the case was pending. The court evidently denied the motion upon the ground that it was not

timely made. No such motion was filed until long after the judgment of dismissal was rendered and the statement of facts settled. A motion of this nature seems to have been presented to the court just before trial without notice to or knowledge of respondent's counsel, which was at the same time denied by the court. The only record made of that motion and its disposition is the statement of the trial judge, embodied in the statement of facts made when he rendered his oral decision and directed entry of the judgment of dismissal, when counsel for appellant asked to have his exception to the denial of the motion noted. This was the first intimation counsel for respondents had that there had been any such motion. The judge then stated:

"I do not think the statute requires that when a motion for a change of venue is made that motion must be served on the other party. I don't know whether it is the custom or not to do that. But for the benefit of the record I state that the motion was presented yesterday and as I stated this morning I did not know that motion was being made until just at the commencement of the trial and if it had been made at the proper time the court would of course have complied with the statute and granted it."

The statement of facts showing this was settled and certified July 26, 1912, at which time no other record of the presenting or disposition of the motion had been filed or made in the case. Taking this as the only proper record of the motion and its disposition, it is manifest that we cannot say the court committed error in denying it, since neither the motion nor the affidavit supporting it are before us to enable us to determine their sufficiency. If they were before us it might appear that the attempted showing was not in compliance with the statute. We are inclined to agree with the trial court that the motion was not timely made in view of former proceedings in the cause before the same judge; but even if the judge was in error as to his reason for denying the motion, it does not follow that there may not have been other valid reasons for its denial. *Sakai v. Keeley, supra.*

On September 23, 1912, long after the trial and rendering of the judgment and even two months after the settlement of the statement of facts, a motion, accompanied by affidavit in usual form asking for transfer of the case to another department, was filed with the papers in the case. This motion purports to have been dated before the date of the trial, but we have no means of knowing that it is the same motion presented to the judge before the trial, since it was not then of record, nor is it made part of the statement of facts. We cannot, upon this record, say that the trial court erred in denying appellant's motion for transfer of the case to another department of the court.

The judgment is affirmed.

CROW, C. J., GOSE, MOUNT, and CHADWICK, JJ., concur.