[No. 10700.   Department One.   March 11, 1913.]

ARCHITECTURAL DECORATING COMPANY, *Respondent*, v.
GUSTAF NICKLASON *et al.*, *Defendants*, ROSE
THEATRE COMPANY, *Appellant*.[1]

APPEAL—JUDGMENT—CONCLUSIVENESS. Where an appeal, brought up on a short record, was affirmed, judgment entered as directed cannot be attacked by appellant on motion to vacate upon a showing of facts which appellant failed to present to the supreme court on the former appeal.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered July 29, 1912, dismissing a petition to vacate a judgment. Affirmed.

[1]Reported in 130 Pac. 506.

*Wilson R. Gay* and *E. J. Adams*, for appellant.
*John W. Roberts*, for respondent.

PER CURIAM.—This case is no stranger here. *Architectural Decorating Co. v. Nicklason*, 66 Wash. 198, 119 Pac. 177. It was brought to this court upon "a short record containing only the findings of fact, conclusions of law, decree, and two exhibits." The only question decided was whether the findings supported the decree. That question was decided against the Rose Theatre Company, and the case was remanded with instructions to enter a decree in favor of the present respondent. Thereafter appellant filed a petition, praying for an order of the trial court vacating the judgment entered under the direction of this court. The petition was dismissed by the trial judge, and the case is brought here on appeal.

Appellant, having been a party to the former appeal and having then failed to bring the record, showing the facts it now sets up to the attention of the court, and not having asked leave of this court to attack the judgment which was entered under our direction, cannot be heard, either by way of petition or in an independent action, under the authority of the following decisions: *Kath v. Brown*, 69 Wash. 306, 124 Pac. 900; *Kath v. Brown*, 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084; *Kelley v. Sakai*, ante p. 364, 130 Pac. 503; *Cochrane v. Van de Vanter*, 13 Wash. 323, 43 Pac. 42; *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591, 36 Pac. 443. Affirmed.