[No. 12356.   Department Two.   July 22, 1915.]

SPOKANE MERCHANTS' ASSOCIATION, *Appellant*, v. FIRST
NATIONAL BANK OF COLVILLE *et al.*, *Respondents*.[1]

CHATTEL MORTGAGES—VALIDITY—FAILURE TO RECORD.  A chattel mortgage which was not filed as required by law until ten months after the death of one of the mortgagors, at which time the property had passed to the administratrix, is void as to creditors.

SAME—VALIDITY—PERSONS ENTITLED TO ATTACK.  Creditors who have not acquired a specific right to or lien upon mortgaged chattels cannot question the validity of the mortgage as between the parties thereto.

SAME.  In view of Rem. & Bal. Code, § 1483, providing that a judgment against an administrator only establishes the claim, and does not create a lien upon the property of the estate, creditors whose claims have been allowed and established have no such right to, or lien upon, chattels mortgaged by the deceased as to be entitled to question the validity of the mortgage as between the parties thereto.

SAME—FORECLOSURE—TRANSFER.  Upon a judgment of foreclosure, a chattel mortgage is merged in the judgment and has no further validity.

JUDGMENT—BAR—MOTION TO VACATE—COLLATERAL ATTACK.  An order denying a motion to vacate a judgment is a bar to a subsequent proceeding by motion or independent action seeking the same relief; and the bar would be applicable to creditors of an estate who were not parties but had the right to appear in the action against the administratrix and move for the relief afterwards sought by them in an independent action.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Stevens county, Sullivan, J., entered September 13, 1913, dismissing an action for equitable relief, tried to the court.  Affirmed.

*F. M. Goodwin*, *J. D. Campbell*, and *J. B. Campbell*, for appellant.

*Jesseph & Bourland* and *F. Leo Grinstead*, for respondents.

[1]Reported in 150 Pac. 434.

MAIN, J.—This was an action in equity, brought by the assignee of certain of the creditors of the estate of Victor M. Shick, deceased, for the purpose of having set aside a judgment foreclosing two chattel mortgages and declaring the mortgages void as to creditors, and restraining the plaintiff in the mortgage foreclosure action from selling the property under the judgment. After the issues were framed, the cause in due time was tried before the court sitting without a jury, and resulted in a judgment dismissing the action. From this judgment, the plaintiff appeals.

The pertinent facts are substantially as follows: On the 22d day of December, 1910, and for some time prior thereto, Victor M. Shick and C. F. Kahl were partners engaged in the hardware business in the town of Addy, Stevens county, Washington, under the firm name and style of Addy Hardware Company. On the date mentioned, the partnership borrowed from the First National Bank of Colville, Washington, the sum of $1,100, giving its promissory note due in four months; and on the same date borrowed of the same bank the sum of $1,200, evidenced by a promissory note due in six months after date. These notes were secured by chattel mortgages covering the stock of hardware, furniture, implements, etc., and "other personal property belonging to the Addy Hardware Company."

On April 14th, 1911, Victor M. Shick, a member of the partnership, died intestate. On the 16th day of May, 1911, Mary Shick, the wife of Victor M. Shick, deceased, was appointed administratrix of his estate, no application having been made previously by the surviving partner for letters of administration upon the partnership property. The chattel mortgages dated December 22, 1910, were not recorded until February 21, 1912. On February 21, 1912, the First National Bank of Colville began an action to foreclose the mortgages, making Mary Shick a party thereto as an individual, and as administratrix of the estate of her deceased husband; and also making C. F. Kahl, the surviving member of the part-

nership, a party to the action.  On February 27, 1912, Mary Shick and C. F. Kahl answered in the action to foreclose the mortgages, and admitted all of the allegations of the complaint.  The answer was filed on March 5, 1912, and a decree of foreclosure was entered on March 6, 1912.  On March 9, 1912, the Spokane Merchants' Association, a corporation, as assignee of certain creditors of the Addy Hardware Company, filed a motion to vacate and set aside the judgment of foreclosure of March 6, 1912, and for leave to intervene and defend.  These motions were denied on March 21, 1912.  No appeal was prosecuted by the Spokane Merchants' Association from the order overruling and denying its motion to vacate and set aside the judgment foreclosing the chattel mortgages.  On March 28, 1912, this action was commenced by the Spokane Merchants' Association for the purposes already indicated.

A considerable portion of the appellant's brief is devoted to argument and the citation of authorities to sustain its contention that the mortgages were void as to creditors.  Without reviewing this argument, it may be said that there can be little doubt but what the mortgages were void as to creditors of the estate of Victor M. Shick, deceased.  The distinction between the facts in this case and those of the case of *Pacific Coast Biscuit Co. v. Perry*, 77 Wash. 352, 137 Pac. 483, is obvious.  In that case the mortgage was not recorded until some time after it was executed; and it was held that the mortgage spoke and became valid from the date of its filing for record, the reason being that at the time the mortgagor had the power to make a new mortgage which would prefer a creditor.  In this case, approximately ten months prior to the filing of the mortgages for record, the mortgagor had died.  His property had passed to the administratrix, who held the same in trust for the creditors of the estate and the distributees.  At the time the mortgage was filed for record, a new mortgage could not have been given which would have operated as a preference to any of the creditors.

But even though the mortgage is void as to creditors, it does not follow that the appellant can maintain this action. It is only creditors who have acquired some right to the specific property covered by the mortgage, or some form of lien thereon, that can question the right of the mortgagee to foreclose against the mortgaged property. *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211; *Watson v. First National Bank of Clarkston*, 82 Wash. 65, 143 Pac. 451. In the *Heal* case, it was said:

"Whether properly recorded or not, the mortgage was valid as between the mortgagor and mortgagee, and it is only creditors who have acquired some form of lien upon the mortgaged property that can question the right of the mortgagee to foreclose against such mortgaged property."

The appellant, as representing the creditors, had acquired no lien upon the property covered by the mortgage. The claims of creditors had been presented to the administratrix and allowed by her. This would not give them the standing of lien creditors. Under the statute, Rem. & Bal. Code, § 1483 (P. C. 409 § 361), even a judgment rendered against an administrator only establishes the claim for the amount ascertained to be due, and does not "create a lien upon the property of the estate."

Assuming, however, that a creditor of an estate of a deceased person may question the validity of a chattel mortgage given by a deceased person during his lifetime to another creditor of the estate, the appellant is in no better position. By virtue of the judgment in the foreclosure proceeding, the mortgages became merged in the judgment. They have no further vitality so long as the judgment stands. 23 Cyc. 1108; 1 Black, Judgments, § 269.

After the judgment of foreclosure was entered, the appellant in that action filed a motion to vacate and set aside the judgment. This motion was denied, and no appeal prosecuted for the purpose of having the order of the trial court reviewed. Thereafter the present action was instituted. Be-

fore the question as to the validity of the mortgages can be reached, it is necessary that the judgment be modified. It has become the settled law of this state, as evidenced by the repeated decisions of this court, that an order denying a motion to vacate a judgment is a bar to a subsequent proceeding, whether such subsequent proceeding be a motion or an independent action seeking the same relief. *Chezum v. Claypool,* 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955; *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748; *Pierce County v. Bunch,* 49 Wash. 599, 96 Pac. 164; *Newell v. Young,* 59 Wash. 286, 109 Pac. 801; *Flueck v. Pedigo,* 55 Wash. 646, 104 Pac. 1119; *Meisenheimer v. Meisenheimer,* 55 Wash. 32, 104 Pac. 159, 133 Am. St. 1005; *Kelley v. Sakai,* 72 Wash. 364, 130 Pac. 503.

This rule is recognized by the appellant. But it claims that, since neither it nor the creditors of which it is the assignee were parties to the foreclosure action, the rule is inapplicable. But it does not seem that this contention is well founded. The appellant would no doubt have the same right to appear in the original action and move to vacate the judgment as it would to prosecute an independent action for the same purpose. It is said, however, that the purpose of the motion and of the present action were not the same. It is true that the relief asked in the present action is somewhat broader than that sought by the motion. But before the relief prayed for in this action could be granted it would be necessary to modify the judgment, the very purpose for which the motion was filed. Had the appellant, instead of moving in the original action, filed a petition in the probate action asking a revocation of the letters of administration to the administratrix because she had failed in the performance of her duty in that she did not defend the foreclosure action, and requesting the appointment of another person as administrator so that such latter person might present a motion for the vacation of the judgment of foreclosure, and the cause were here for the purpose of reviewing the denial of the probate

court to grant such relief, a different question would be presented, upon which we express no opinion. Neither do we express any opinion upon the question as to whether the administratrix may be liable upon her bond for failure to defend the foreclosure action.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, and CROW, JJ., concur.

FULLERTON, J. (dissenting)—I dissent. The mortgage, because not recorded during the lifetime of the mortgagor, never had any validity as against creditors. The facts, therefore, present a case where one creditor, with the consent or connivance of the administratrix of the estate, has taken the property of the estate to the exclusion of the other creditors. This act was wrongful, and I can see no reason why the injured creditors may not recover against the wrongdoer in this form of action.