[No. 18095. Department Two. January 28, 1924.]

WILLIAM JUDISH, *Appellant,* v. ROVIG LUMBER
COMPANY, *Respondent.*[1]

SALES (62)—RESCISSION — ACTIONS — PLEADING — COMPLAINT. A
complaint alleging that plaintiff's purchase of a tractor was induced
by false representations, tender of the tractor, and demanding re-
turn of the purchase price, is one for the rescission of the sale.

JUDGMENT (218)—CONCLUSIVENESS—RES ADJUDICATA—IDENTITY OF
MATTERS LITIGATED. Judgment upon notes given for the purchase
price of a tractor is *res judicata* and a bar to a subsequent action by
the defendant in the former action, seeking rescission of the sale
for fraud and recovery of the purchase price paid.

ESTOPPEL (48)—ACQUIESCENCE—VOLUNTARY PAYMENT. The pur-
chaser of a tractor who suffers a default in an action on notes given
for the purchase price, and pays the judgment, makes a voluntary
payment of the price which estops him from claiming a rescission of
the sale for fraud.

PLEADINGS (101)—AMENDMENT AT TRIAL—DISCRETION. It is not
an abuse of discretion to permit the amendment of an answer dur-
ing a continuance of the trial, setting up an estoppel by a prior
action, where the adverse party was not taken by surprise or dam-
aged.

JUDGMENT (185)—CONCLUSIVENESS—RES ADJUDICATA—BY DEFAULT
JUDGMENT. It is immaterial to a plea of *res adjudicata* that the
former judgment was entered upon a default.

Appeal from a judgment of the superior court for
Yakima county, Holden, J., entered December 8, 1922,
upon the verdict of a jury rendered in favor of the
defendant by direction of the court, in an action on
contract. Affirmed.

*Snively & Bounds,* for appellant.

*G. O. Shumate, J. C. Cheney,* and *Grady & Velikanje,*
for respondent.

BRIDGES, J.—The complaint alleged that plaintiff
bought a tractor of the defendant because of various

[1]Reported in 222 Pac. 898.

alleged misrepresentations concerning it, and prays judgment for the amount of the purchase price. We will later herein discuss the nature of the case.

The plaintiff's proof strongly supported his allegations that the tractor was not according to the representations alleged to have been made, and that it was in fact quite useless to him. By its affirmative answer, the defendant pleaded, and on the trial proved, that the tractor was sold under the usual conditional sales contract, and that the plaintiff gave to it two promissory notes representing the balance of the purchase price and that, when those notes became due and were not paid, it brought suit on them against the plaintiff, recovered judgment, and that after execution was issued the plaintiff paid the amount of the judgment. The defendant further alleged, and has at all times since claimed, that such a situation made the judgment in the first suit *res judicata* the second. The trial court so found, instructed the jury to bring in a verdict for the defendant, and entered judgment thereon dismissing the action.

Undoubtedly, plaintiff's action was one for rescission, rather than one for damages based upon fraud, misrepresentations, or breach of oral or written warranties concerning the tractor. In his complaint he alleges in detail the false and fraudulent representations made by the defendant concerning the tractor, and that such representations were made knowing them to be false and with the sole purpose of inducing him to purchase the tractor; that he believed and relied on the representations made to him and that he would not have made the purchase but for them, and that he had, on various occasions, tendered the tractor back to the defendant. These are the usual and essential allegations in an action for rescission on account of misrepresentations. The lower court held, and we

think correctly, that the plaintiff's action was one for rescission.

In instructing the jury to bring in a verdict for the defendant, the trial court very clearly stated the legal principles controlling under the facts of this case, as follows:

"This is an action prosecuted by the plaintiff to recover back from the defendant the amount of the purchase price of a Moline tractor, on account of alleged false representations. . . . In the month of June, 1921 [after the sale of the tractor and long before the bringing of this action], the Rovig Lumber company brought an action [against plaintiff] to recover the balance of the purchase price, which was evidenced by two promissory notes. That suit was brought in this court and judgment rendered upon the note for the face thereof against Mr. Judish, Mr. Judish not making any defense to that action. . . . That judgment became final and conclusive as to all matters which were or might, under the pleadings in that case, have been litigated in that action. . . . I shall now rest my decision upon the ground that this former judgment is *res adjudicata*. . . . The basic principle upon which the doctrine of *res adjudicata* rests is that parties ought not to be permitted to litigate the same actions more than once; that, when a cause has been judicially tried and determined by a court of proper jurisdiction, or an opportunity given for such trial, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties. Now, it becomes my duty to determine what was litigated and determined in the action of Rovig Lumber Company v. William Judish. The purpose of that action was to determine whether or not Mr. Judish owed the amount of those notes. . . . The object of that action was to make Mr. Judish pay $1,500; the object of this action is exactly the converse, it is to avoid paying the $1,500. It is the same question precisely presented conversely that was involved in the case of *Rovig Lumber Co. v. Judish*. If these notes were

valid, then Mr. Judish has no right of action. If the giving of these notes was induced by fraud and deceit, then the Rovig Lumber Company had no right to recover in the other action. We are litigating precisely the same question that was heard and determined in this court last June, and under the principle of *res adjudicata,* that cannot be done. Now, as I stated before, this is an action for fraud and deceit. If it were an action to recover damages for breach of an alleged warranty, a more difficult question would be presented. . . . It seems entirely clear to me that this action, being for fraud and deceit, is barred by the former action.''

The decision in the case of *Crandall v. Iten, ante* p. 277, 222 Pac. 894, just handed down by this court, is controlling of this case in so far as the question under discussion is concerned. While that case was one concerning the abatement of a present action because of the pendency of a prior suit, many of the reasons given there for the abatement would necessarily call for the conclusion here that the prior judgment rendered against the appellant was *res adjudicata* this action.

Another feature of this case is worthy of consideration. The testimony shows that the judgment on the purchase price notes was by default, and that appellant paid it after he knew of the falsity of the alleged representations. The judgment by default was equal to a judgment by confession, and the payment thereof would be equal to a voluntary payment of the balance of the purchase price. Under these circumstances, the appellant would, by his conduct, be estopped to claim rescission.

It is necessary to dispose of one or two additional but minor questions.

The original answer in this case was apparently one of general denial and the judgment in the former case

was not pleaded. After the case was at issue there was a continuance of the trial, and during such continuance the defendant filed an amended answer, setting up estoppel because of the prior action. It is claimed that the court erred in permitting the filing of this amended answer. The appellant was not taken by surprise, and has not been damaged because of the filing of the amended complaint. In making up pleadings, the trial court has a wide discretion and this court will not interfere unless it has been abused. Plainly there was no abuse in this case.

It seems to be contended by the appellant that the doctrine of *res judicata* will not apply where the judgment which is sought to be pleaded in estoppel was obtained by default. Both upon principle and authority, we hold that it can make no difference whether the defendant appeared and defended the action or allowed the judgment to go by default. The result, so far as estoppel or *res judicata* are concerned, is the same. The principle is that a judgment is *res adjudicata* as to all things which were or should have been determined in the prior action.

"The rule as to the conclusiveness of judgments applies to a judgment by default. And a judgment of the same court, or one of concurrent jurisdiction, even if rendered by default, ordinarily operates as *res adjudicata* and may be pleaded in bar as an estoppel." 15 R. C. L. 987.

See, also, *Seattle National Bank v. School District No. 40*, 20 Wash. 368, 55 Pac. 317. The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.