(No. 5994.   May 12, 1933.)

FRED L. RICHARDSON and JAY LEONARD, Respondents, v. WILLIAM T. KING, Appellant.

[22 Pac. (2d) 134.]

A. A. Merrill, for Appellant.

E. W. Whitcomb, for Respondents.

MORGAN, J.—This is an appeal from a decree in a suit to quiet title. Respondents moved to dismiss the appeal because the sureties on the undertaking on appeal failed to justify as required by statute; also on the ground that the certificate of the clerk of the court attached to the transcript does not conform to the requirements of Idaho Code Annotated, secs. 11–213, and 11–216.

Section 11–213 requires appellant to furnish this court, on appeal from a judgment rendered on an appeal, or from an order, except an order granting or refusing a new trial, a copy of the notice of appeal, of the judgment or order appealed from, and of the papers used on the hearing in the court below.

Section 11–216 requires that copies included in the transcript be certified to be correct by the clerk or the attorneys, and that the transcript contain a certificate that an undertaking on appeal in due form has been properly filed, or a stipulation of the parties waiving an undertaking.

This being an appeal from a decree in a suit filed originally in the district court, sec. 11–213 has no application to it. The certificate is in the usual form in such cases and is sufficient.

Section 11–202 is as follows:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of service is immaterial,

but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing.''

Section 11–203 provides that the undertaking must be executed on the part of appellant by at least two sureties to the effect that he will pay all damages and costs which may be awarded against him on appeal, or a dismissal thereof, not exceeding $300, or that sum must be deposited with the clerk with whom the judgment or order is entered, to abide the event of the appeal. If the undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless respondent, within twenty days after the filing of such undertaking, file and serve upon appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking. Appellants may, within five days after such service of said notice, file a new undertaking which shall be in lieu of the one previously filed.

Section 11–210 provides that the adverse party may except to the sufficiency of the sureties any time within thirty days after the filing of such undertaking, and unless they or other sureties, within twenty days after appellant has been served with notice of such exceptions, justify before a judge of the district court, or the probate judge of the county, upon five days' notice to respondent of the time and place of justification, the appeal must be regarded as if no such undertaking had been given.

Section 11–217 provides:

'' . . . . no appeal can be dismissed for insufficiency of the undertaking thereon if a good and sufficient undertaking, approved by a justice of the supreme court, be filed in the supreme court before the hearing upon motion to dismiss the appeal.''

An undertaking on appeal, in this case, executed by J. H. Beach and Sheldon Edwards, as sureties, was filed in

the office of the clerk of the district court on January 24, 1933.

Exception to the sufficiency of the sureties by counsel for respondent was filed in the office of the clerk of this court January 31, 1933, accompanied by proof, by affidavit, that a copy of it was served on appellant's counsel, by mail, on January 28, 1933.

An undertaking on appeal executed February 11, 1933, by Jerry Doody and W. A. Briney, as sureties, was filed in the office of the clerk of this court February 18, 1933, but has not been approved by a justice of this court. None of the sureties who executed either of the undertakings justified, nor does it appear any effort was made to conform to the statute which requires justification of sureties. No deposit was made in lieu of an undertaking on appeal, and such undertaking, or deposit in lieu thereof, was not waived.

Appellant relies on *Miles v. Johanson,* 40 Ida. 782, 238 Pac. 291, wherein it was held that C. S., sec. 7161 (now, as amended, I. C. A., sec. 11–210) did not authorize dismissal because of failure of the sureties to justify. The opinion, so holding, was written in 1925, and the statute was amended in 1929, and the effect of failure of the sureties to justify was changed by the amendment. The section, since amendment, provides that in case of exception to the sufficiency of the sureties, unless they or other sureties justify as by the statute required, the appeal must be regarded as if no undertaking had been given.

Following the mandate of that statute and regarding the appeal as if no undertaking had been given makes applicable the provision of sec. 11–202 relative to the failure to give an undertaking, and renders the appeal ineffectual for any purpose.

Counsel for appellant seeks to excuse the failure to have the sureties justify by showing that immediately upon receipt of notice that respondents excepted to the sufficiency of the sureties on the first undertaking, he prepared a new undertaking and mailed it to his client, who resided a distance of about 250 miles from the place of residence of the

attorney, and directed him to go immediately to counsel for respondents and have him approve the sureties who were to sign the undertaking. Appellant has lodged with the clerk of this court the affidavit of H. B. King, Sr., wherein it is recited that he took the second undertaking to the attorney for respondents, and that it was agreed between affiant and said attorney that the sureties named therein were good and sufficient. Respondents have lodged with said clerk the affidavit of their attorney wherein he denies the material allegations in King's affidavit. Appellant further seeks to excuse the failure to cause the sureties to justify upon the ground that he resided a considerable distance from the county seat and that the weather was exceedingly inclement and the roads impassable.

The showing does not convince us counsel for respondents agreed the sureties were sufficient, and the condition of the roads and weather is not available as a substitute for justification of sureties, nor as an excuse for the failure to have them justify. The mandatory provisions of our code relative to giving undertakings on appeal are jurisdictional. (*McMillan v. Sproat*, 47 Ida. 725, 278 Pac. 224, and cases therein cited.)

The appeal is dismissed. Costs awarded to respondents.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.