(No. 6106. May 9, 1934.)

WILLIAM T. KING, Appellant, v. FRED RICHARDSON and JAY LEONARD, Respondents.

[33 Pac. (2d) 1070.]

F. E. Tydeman and Lot L. Feltham, for Appellant.

E. W. Whitcomb, for Respondents.

GIVENS, J.—The preliminary transactions of this controversy fully appear in *Richardson v. King*, 51 Ida. 762, 10 Pac. (2d) 323, respondents here, appellants there being stalemated because the proper action was not brought, the real issue being whether an instrument given respondents by appellant was a deed or mortgage and if the former whether fraudulently obtained.

Thereafter respondents brought an action to quiet title, wherein appellant sought to have his default set aside urging no service had been made, and in his proffered answer again set up fraud and that the instrument was a mortgage and not a deed. The court refused to set aside the default and appellant's appeal was dismissed (*Richardson v. King*, 53 Ida. 134, 22 Pac. (2d) 134), because of failure to have the sureties on his appeal bond justify, which dismissal in effect resulted in the affirmance of the judgment quieting title in respondents herein on the theory

that the instrument in question was a deed not a mortgage, thus becoming *res adjudicata* not only of this phase of the controversy (*Bernhard v. Idaho Bank & Trust Co.*, 21 Ida. 598, 123 Pac. 481, Ann. Cas. 1913E, 120; *Kelley v. Sakai*, 72 Wash. 364, 130 Pac. 503; 34 C. J. 891; 15 R. C. L. 987; *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955; *Seattle Nat. Bank v. School Dist. No. 40*, 20 Wash. 368, 55 Pac. 317; *Spokane Merchants' Assn. v. First Nat. Bank*, 86 Wash. 367, 150 Pac. 434, L. R. A. 1918A, 323; *J. W. Copeland Yards v. Sheridan*, 136 Or. 37, 296 Pac. 838, 297 Pac. 837; *Last Chance Min. Co. v. Tyler Min. Co.*, 157 U. S. 683, 15 Sup. Ct. 733, 39 L. ed. 859), but also of all connected questions which could (*Joyce v. Murphy Land etc. Co.*, 35 Ida. 549, 208 Pac. 241; *South Boise Water Co. v. McDonald*, 50 Ida. 409, 296 Pac. 591; *Judish v. Rovig Lumber Co.*, 128 Wash. 287, 222 Pac. 898; *St. John Irr. Co. v. Danforth*, 50 Ida. 513, 298 Pac. 365; 34 C. J. 781, 818, 909; *United States v. County Court of Knox County*, 122 U. S. 306, 7 Sup. Ct. 1171, 30 L. ed. 1152; *In re Bell's Estate*, 153 Cal. 331, 95 Pac. 372; *Allen v. Allen*, 159 Cal. 197, 113 Pac. 160; *Bushnell v. Larimer & Weld Irr. Co.*, 56 Colo. 92, 136 Pac. 1017; *Hare Mining & Milling Co. v. Keys*, 120 Okl. 217, 251 Pac. 77; *Cooley v. Snake River District Imp. Co.*, 78 Or. 384, 152 Pac. 1190; *Fischer v. Hammons*, 32 Ariz. 423, 259 Pac. 676; *Armijo v. Mountain Elec. Co.*, 11 N. M. 235, 67 Pac. 726; *Hawkins v. Reber*, 81 Wash. 79, 142 Pac. 432; *State v. Glover*, 165 Wash. 567, 5 Pac. (2d) 1014), or should have been raised in such action. (*Joyce v. Murphy Land etc. Co., supra; South Boise Water Co. v. McDonald, supra; Judish v. Rovig, supra; State v. Glover, supra;* 34 C. J. 780, 818, 909; 15 R. C. L. 962; *First Nat. Bank v. Schruben*, 125 Kan. 417, 265 Pac. 53; *Conner v. Bank of Bakersfield*, 183 Cal. 199, 190 Pac. 801; *Smith v. Braley*, 76 Okl. 220, 184 Pac. 586; *Cook v. Elmore*, 27 Wyo. 163, 192 Pac. 824.)

This action therefore is not maintainable because appellant has heretofore had his opportunity for defense and attack, and an adverse judgment determining all these matters, both

actually and potentially has become *res adjudicata* thereof. (*Bernhard v. Idaho Bank & Trust Co., supra; Kelley v. Sakai, supra; Architectural Decorating Co. v. Nicklason,* 72 Wash. 415, 130 Pac. 506; *Chezum v. Claypool, supra; Meisenheimer v. Meisenheimer,* 55 Wash. 32, 104 Pac. 159, 133 Am. St. 1005; *Flueck v. Pedigo,* 55 Wash. 646, 104 Pac. 1119; *Gray v. Hall,* 203 Cal. 306, 265 Pac. 246; 34 C. J. 891; 15 R. C. L. 987; *Smith v. Smith,* 76 Colo. 119, 230 Pac. 597; *McDuffie v. Geiser Mfg. Co.,* 41 Okl. 488, 138 Pac. 1029; *Thompson v. Connell,* 31 Or. 231, 48 Pac. 467, 65 Am. St. 818; *Last Chance Min. Co. v. Tyler Min. Co., supra; United States v. County Court of Knox County, supra; Warford Corp. v. Bryan Screw Mach. Products Co.,* 44 Fed. (2d) 713; *Atlantic Dredging & Const. Co. v. Nashville Bridge Co.,* 57 Fed. (2d) 519.)

Judgment affirmed; costs awarded to respondents.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.

Petition for rehearing denied.