[No. 28265. Department One. May 5, 1941.]

JOHN L. WIEGARDT *et al.*, *Appellants*, v. ALFRED E. BECKEN *et al.*, *Respondents.*[1]

*Fred M. Bond,* for appellants.

*W. A. Ackerman,* for respondents.

MAIN, J.—This action was brought for an accounting. In the amended complaint, which will be referred to as the complaint, the plaintiffs alleged that the defendants were indebted to them in the "sum of ten thousand dollars or more." The defendants denied that they were indebted to the plaintiffs. The cause was tried to the court without a jury, and resulted in a judgment dismissing the plaintiffs' action, from which they appeal.

The appellants John L. Wiegardt, G. A. Wiegardt, and Fred W. Wiegardt will be referred to as though they were the only parties appealing, and Alfred E.

[1]Reported in 113 P. (2d) 60.

Becken will be referred to as though he were the only respondent.

The appellants were engaged in the business of "canning clams, oysters, etc." The respondent was engaged in the fish business at Taholah on the Quinault Indian reservation. Sometime in September, 1935, the parties entered into a written contract by which the appellants agreed to finance the operations of the respondent for the purpose of "providing working capital, obtaining trade discounts, and providing credit connnections." The contract also contained a provision that the net profits should be divided equally between the parties. After the contract was signed, the appellants from time to time furnished money to the respondent in considerable sums and also supplied him with certain equipment. The parties operated under the contract for two or three years. After they ceased operating, the appellants brought the present action for the purpose above stated.

In the complaint, there was no allegation of a previous demand for a general accounting and a refusal by the respondent to comply with such demand. That was a necessary allegation. Without it the action for an accounting cannot be maintained. In 1 Encyclopedia of Pleading and Practice, 98, the rule is stated in this language:

"The allegation that the plaintiff has demanded an accounting from the defendant, and his refusal, is a material one, and must be inserted in the bill."

In *Wetzstein v. Boston & M. C. C. & S. M. Co.*, 28 Mont. 451, 72 Pac. 865, it is said:

"The gist of an action for an accounting is the inability of the plaintiff to procure the same himself, and the refusal of the defendant to render such accounting to him; and this suggests the rule, general in its application, though apparently seldom announced, that a demand by the plaintiff for an accounting and

a denial thereof by the defendant are necessary prerequisites to be pleaded and proved, in order to maintain an action for an accounting. (1 Ency. Pl. & Pr. 98; *Jolly v. Bryan,* 86 N. C. 457; *Smith v. Lawrence,* 26 Conn. 468; *Southworth v. Smith,* 27 Conn. 355, 71 Am. Dec. 72; *Kennicott v. Leavitt,* 37 Ill. App. 435.)"

It will be noted that the court there observed that the rule was "general in its application," though apparently seldom announced.

In the case of *Seattle Nat. Bank v. School Dist. No. 40,* 20 Wash. 368, 55 Pac. 317, this court has announced the same rule, wherein it said:

"In general, a complaint for an accounting must show by specific averments that there is a fiduciary relation existing between the parties, or that the account is so complicated that it cannot conveniently be taken in an action at law. And it must allege that the plaintiff has demanded an accounting from the defendant, and the latter's refusal to render it, in order to state a cause of action. 1 Enc. Pl. & Pr., p. 98."

It is true that this question was first raised by the respondent in this court. In Rem. Rev. Stat., § 263 [P. C. § 8350], it is said, in part, that the question of whether a complaint states facts sufficient to constitute a cause of action "can be made at any stage of the proceedings, either in the superior or supreme court."

The appellants insist that a previous demand and refusal are not necessary in order that a complaint state a cause of action in a case of this character; and further, that it was clearly shown in this case

". . . that if a demand had been made that it would have been refused. The entire record clearly shows that the respondents refused to do anything or to allow the plaintiffs to examine their books until application was made to the court for an order for that purpose. The law, and especially a court of equity, does not require something to be done which would be an idle ceremony."

In support of their position, the appellants call attention to a statement in 1 C. J. S. 671, § 38, as follows:

"An averment that defendant refused to render an account implies a previous demand, and is equivalent to an allegation of demand and refusal."

That statement has no application here because there is no allegation in the complaint of a refusal to render an accounting. Further, the appellants especially call attention to the case of *New Haven Sand Blast Co. v. Dreisbach,* 102 Conn. 169, 128 Atl. 320. There, an action had been begun to compel the defendant, by way of specific performance of a contract, to convey to the plaintiff a certain application for letters patent, for an injunction and accounting, and other relief. In the course of the opinion, the court inferentially recognized the rule, above stated, but held that it did not apply to the action. It was pointed out that the court was not there considering a common-law action of account based upon a contract, and specified certain instances where it did not apply. The portion of the opinion covering this matter is as follows:

"It is also contended that, in the absence of any allegation in the complaint of a demand for an accounting and refusal to account, no accounting can be decreed. This is not a common-law action of account based on contract, in which it is usual to allege a demand and refusal to account as a basis for the demand for damages. It is a bill in equity asking that an account be taken, and the right to the equitable relief demanded does not depend on a demand and refusal, but upon the facts alleged and proved. In such actions it is not usual or necessary to allege a demand and refusal. No allegation of a demand for an accounting is necessary, for example, to support a prayer for an accounting of profits and damages in a bill for infringement of patent, or copyright, or trade-marks, or trade-names, or unfair competition, based on imitative labels or packages as will appear from reference to any standard collection of forms for such bills. The

practice in this state is illustrated by the printed record in *Chamberlain v. Hemingway*, 97 Conn. 156, 115 A. 632."

The action that is now before us was a common-law action for an accounting based on a contract. The holding in that case does not support the contention of the appellants that a demand and refusal were not necessary in order for the complaint to state a cause of action.

If the position of the appellants should be sustained, as indicated by the excerpt quoted from their brief, it would, in effect, be necessary to disregard the rule above stated. So far as we are informed, there are no authorities supporting the appellants' contention.

This is a case in which the rule, that a demand and refusal must be shown before the action for an accounting can be maintained, is especially applicable. The trial in the superior court consumed many days, and the record is long and complicated. Had the demand been made and the accounting furnished, undoubtedly many of the items would have been agreed on and the length of the trial would have been materially shortened. In fact, the accountants representing the respective parties agreed upon many of the items. The demand to see the books, if such demand was made, is not the same thing as a demand for an accounting. It might well be that a person would furnish a statement of the account, but would decline to open his books, or deliver them, to the opposite party.

The judgment will be affirmed.

ROBINSON, C. J., BLAKE, STEINERT, and DRIVER, JJ., concur.