[No. 5670.]
H. W. SCHACHT *v.* H. W. ODELL, ISABELL ODELL, BENSON D. BECKLEY, AND JOHN W. PIERSON.

52  447
116  123

OBJECTION TO UNDERTAKING ON APPEAL.—An objection to the form of the affidavit attached to an undertaking on appeal is not an objection to the sureties, which requires them to justify, and if there is a defect in the affidavit it may be supplied by filing a new undertaking in the Supreme Court, approved by the Chief Justice.

IDEM.—An objection to the sufficiency of sureties in an undertaking on appeal does not entitle the respondent to a dismissal of the appeal if the sureties fail to justify, provided the appellant files an undertaking in the Supreme Court approved by the Chief Justice.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The facts are stated in the opinion.

*L. S. Taylor* and *George Cadwalader*, for the Appellant.

*A. C. Freeman*, for the Respondent.

By the Court:

The plaintiff obtained final judgment below on the 29th of April, 1876, for some fourteen thousand dollars, and directing the sale of certain mortgaged premises.   On the 19th of April, 1877, the defendants Odell and wife filed and duly served a notice of appeal, and on the next day filed an undertaking on an appeal, executed by two sureties, containing the usual recitals, and also the condition that the appellants would pay all damages and costs awarded against them on the appeal, not exceeding three hundred dollars — to the payment of which amount the sureties acknowledged themselves jointly and severally bound.   The affidavit of the sureties accompanying the undertaking was to the effect that each of them was worth the amount therein mentioned over and above all his just debts and liabilities, exclusive of property exempt from execution; but it omitted to state that the sureties were residents or householders or freeholders within the State, as required by the Code of Civil Procedure (sec. 1057).

On the 18th day of May, 1877, the plaintiff gave notice to the defendants that he objected to the undertaking on appeal, by reason of this defect in the affidavit of the sureties, and that he also objected to the sufficiency of the sureties.   On the 2nd day of June, the transcript on appeal was filed in this Court. On the 6th day of November instant, the plaintiff gave notice to the defendants that on the opening of this Court, on the 12th day of November instant, he would move the Court that the appeal be dismissed.   On the 8th day of November instant, the defendants presented to the Chief Justice an undertaking on appeal in due form, and in all respects similar to the one first given, and accompanied with an affidavit in all respects as required by the statute already referred to.   This undertaking was approved by the Chief Justice on the 8th of November instant, and was filed in the office of the Clerk of this Court on the 12th of November instant, before the hearing of the motion to dismiss the appeal.

1. The objection taken in the first instance by the plaintiff—

that is, that the affidavit attached to the undertaking was defective—was not an objection to the sufficiency of the sureties, within the intent of sec. 948 of the Code of Civil Procedure, nor was it an objection which required the justification of the sureties before the Judge of the Court below, or any of the officers mentioned in that section. It was not an attack upon the solvency or pecuniary sufficiency of the sureties, but merely pointed out an insufficiency in the form of the undertaking as filed—being the defect in the affidavit annexed thereto, already adverted to. Such a defect is to be supplied by filing in this Court a new undertaking in due form, approved by one of the Justices of this Court, as was done in this case. The Code of Civil Procedure provides (sec. 954) as follows: " *     *     * but no appeal can be dismissed for insufficiency of the undertaking thereon, if a good and sufficient undertaking, approved by a Justice of the Supreme Court, be filed in the Supreme Court before the hearing upon the motion to dismiss the appeal."

2. But the objection taken in the second instance was an objection to the pecuniary sufficiency of the sureties, and looked to the justification of those or other sureties, as mentioned in sec. 928, already referred to. This justification was not had or attempted, and it was insisted for the plaintiff that the appeal failed for that reason. But we do not think that this position can be maintained upon the text of the statute. An appeal, as we have remarked in other cases, is the creature of the statute, and the several steps to be observed in prosecuting the appeal, as well as the consequence of their non-observance, are prescribed by the statute. It is accordingly declared (sec. 948) that if exception to the sufficiency of the sureties be taken, and no justification be made, " execution of the judgment, order, or decree appealed from is no longer stayed." There is no provision to the effect that the appeal itself shall fail or be dismissed for the mere lack of the prescribed justification.

Motion denied.