## CENTER SCHOOL TOWNSHIP *v.* STATE, EX REL. SCHOOL CITY OF MARION ET AL.

[No. 2559.   Filed June 28, 1898.]

From the Grant Circuit Court.   *Affirmed.*

*H. M. Elliott* and *G. M. Elliott,* for appellant.

*William H. Carroll* and *Griffith D. Dean,* for appellees.

ROBINSON, J. —Appellee seeks to recover from appellant its *pro rata* share of the surplus dog fund over fifty dollars in the hands of appellant in March of the years 1892, 1893, 1894 and 1895.   It is charged in the complaint that on the first Mondays of March in each of said years, the surplus dog fund over fifty dollars in the hands of appellant, was, for 1892, $262.22 ; for 1893, $451.84; for 1894, $99.82 ; and for 1895, $185.20 ; that a portion of said sum should have been distributed to appellee in proportion to its enumeration for school purposes, that appellant failed and refused to distribute any of said funds to appellee, but on the contrary expended all of said funds for the benefit of the schools of appellant, and that no part was received by appellee.   Center School Township filed a demurrer to the complaint, which was overruled, and refusing to plead further, judgment was rendered in appellee's favor for $1,101.75.   This ruling is the only question presented.

Section 8654, Burns' R. S. 1894, provides that the revenue received from the tax on dogs shall be a fund for the payment of damages for sheep killed or maimed by dogs, and also provides, "That when it shall so happen on the first Monday of March in each year, in any township, that the said fund shall accumulate to an amount exceeding fifty dollars over and above orders drawn against the same, then the surplus over said sum of fifty dollars shall be expended by such trustee for the use of the school revenue of the township."   In *Taggart, Aud., v. State, ex rel.,* 142 Ind. 668, it is held that by this proviso the township trustee is required to turn over to each school corporation within his township its *pro rata* share of such surplus in proportion to the enumeration of such school corporation.

It is argued by counsel for appellant that the complaint does not show that there is any money or fund on hand with which to pay such claim, but that it appears that the same had been expended by the trustee, that at the times complained of it was the law as declared by the Supreme Court that no part of said fund belonged to appellee, and that a more recent decision of the Supreme Court, made since the acts complained of, can not be given a retrospective effect so as to make such use of such fund wrongful.   These questions have been

decided by the Supreme Court adversely to the position maintained by counsel for appellant in this case, in the recent case of *Center School Township* v. *State, ex rel.*, 150 Ind. 168. Upon the authority of that case the judgment in the case at bar must be affirmed. Judgment affirmed.