THRELKELD, Respondent, *v.* O'NEAL, Appellant.

(No. 1,748.)

On Motion to Dismiss Appeals.

(Submitted December 16, 1901. Decided December 23, 1901.)

*Appeal—Undertaking on Appeal—Sureties—Exception—Failure to Justify—Effect—Appeal from New Trial Order—Notice of Appeal—Service and Filing—Time—Failure to File—Dismissal.*

1. Where an affidavit made by the attorney for the respondent on appeal in support of the motion to dismiss was filed with the clerk of the supreme court, but it did not appear that the affidavit was served on the appellant or his attorney, the affidavit will not be considered, but will be stricken from the file.
2. Under Section 1732, Code of Civil Procedure, a failure of the sureties on an undertaking on appeal to justify, after exception to their sufficiency, does not render the appeal ineffectual so as to authorize a dismissal thereof, but merely destroys the effect of the undertaking in so far as it would operate as a *supersedeas.*
3. Where a notice of appeal from an order denying a new trial was not filed with the clerk of the district court and served within 60 days after the order denying the motion was entered, as required by Code of Civil Procedure, Sec. 1723, Subd 3, and Section 1724, the appeal from such order must be dismissed.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Anna M. Threlkeld against George B. O'Neal. Judgment was rendered in favor of plaintiff, and defendant appealed therefrom and from an order denying a new trial. Motion to dismiss appeal from the judgment denied, and motion to dismiss the appeal from the order refusing a new trial granted.

*Mr. J. H. Duffy,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

Motion to dismiss appeals. Judgment in favor of the plaintiff (respondent) and against the defendant (appellant) was entered in the district court on May 23, 1901. An order denying the defendant's motion for a new trial was entered on August 31, 1901. On October 31, 1901, a notice of appeal from the judgment and from the order was served upon the attorney for the plaintiff; it was filed with the clerk of the court below on November 2, 1901. On the day last mentioned an undertaking to effectuate the appeals was filed. The plaintiff excepted to the sufficiency of the sureties; but neither they nor other sureties justified, and more than twenty days elapsed after the defendant was served with notice of plaintiff's exception to the sufficiency of the sureties and before the present motion was made. The respondent moves the dismissal of each appeal.

Written opinions are but rarely delivered in this court upon motions to dismiss, but the misapprehension, by some members of the bar, of the effect of the failure of sureties in an undertaking an appeal to this court to justify, induces us to depart from our custom.

1. Among the papers submitted for our consideration is an affidavit made by the attorney for the respondent in support of the motion to dismiss, and which he has caused to be filed

with the clerk of this court. It does not appear that the affidavit was served either personally or constructively upon the appellant or his attorney. Under these circumstances the affidavit will not be considered, but must be stricken from the files. It is so ordered.

2.   The appeal from the judgment is not ineffectual because the sureties failed to justify as required by Section 1732 of the Code of Civil Procedure. Such failure destroys the effect of the undertaking in so far only as the undertaking may operate as a *supersedeas*. This is the manifest meaning of the section. (*King* v. *Pony Gold Mining Co.,* 24 Mont. 470, 62 Pac. 783.) Nothing in *State ex rel. Allen* v. *Napton,* 24 Montana, 450 (62 Pac. 686), where the interpretation of Sections 1760 and 1763 of the Code of Civil Procedure was involved, is to the contrary. In that case the plaintiff excepted to the sufficiency of the sureties who had signed the undertaking given to effectuate an appeal from a justice's court to a district court, and neither they nor other sureties justified. The plaintiff seasonably moved a dismissal in the district court; and we held the appeal ineffectual because of the failure of the sureties to justify. The statute governing was Section 1763, *supra,* which has to do with appeals to the district court; it provides, in effect, that, unless sureties justify within the time specified therein after exception to their sufficiency, the appeal from a justice's court must be regarded as if an undertaking had not been given. It differs materially from Section 1732, *supra,* which has to do with appeals from district courts to the supreme court. Under the provisions of Section 1763, omission to justify (if taken advantage of at the proper time) renders an appeal from a justice's court to a district court ineffectual; while by the terms of Section 1732, omission of sureties to justify has no effect whatever upon the appeal itself, but only prevents the undertaking from operating thereafter as a *supersedeas.*

The motion, in so far as it is directed to the appeal from the judgment, is denied.

3.   Subdivision 3 of Section 1723 of the Code of Civil Pro-

cedure provides, in substance, that an appeal may be taken to the supreme court from an order refusing a new trial within sixty days after it is entered in the minutes of the court or filed with the clerk. Section 1724 provides that an appeal is taken by filing with the clerk a notice of appeal and serving a similar notice on the adverse party or his attorney. The notice of appeal not having been served and filed within sixty days after the order was entered, the motion, in so far as it is directed to the order refusing a new trial, is granted.

The affidavit of counsel for the respondent is stricken off the file, the motion to dismiss the appeal from the judgment is denied, and the motion to dismiss the attempted appeal from the order denying a new trial is granted.