No. 9227.

ROHRER, ET AL. v. DARROW, CONSERVATOR.

COUNTY COURT—*Jurisdiction*—*Compromise of Pending Action by Conservator of Lunatic.* The conservator of the estate of an adjudged lunatic instituted an action against one Wagenblast, to vacate a conveyance of valuable real property from the lunatic. He afterwards applied to the court of appointment for leave to adjust this controversy by accepting in full satisfaction thereof, a sum of money much less than the value of the property; alleging that claims probably fraudulent and fictitious were being urged against the estate of a brother of the insane person; that the lunatic was the sole heir of this decedent; that the estate was of the value of $60,000; that the defendant, if her aid could be procured would probably insure the defeat of the alleged fraudulent claims, that without such assistance it would be exteremely difficult to successfully resist such claims. *Held* that, in effect, what was asked was, that the court should disobey and nullify an express statute (Rev. Stat., sec. 4126) and to dispose of the estate of the lunatic for a purpose not authorized by law, immoral in itself, contrary to sound public policy, and subversive of the pure administration of justice.

Order of the County Court allowing the proposed compromise vacated.

*Error to Denver County Court, Hon. Ira C. Rothgerber, Judge.*

Mr. BARNWELL S. STUART, for plaintiffs in error.

Mr. C. W. Darrow, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

WILLIAM H. ROHRER and his wife Elizabeth Rohrer, resided in the city of Denver from a time prior to 1901, and until the time of the death of Rohrer, January 3rd, 1917.

On May 27th, 1901, Elizabeth Rohrer, the wife, was adjudged insane in a regular proceeding in the County Court in the County of Arapahoe, now City and County of Denver, and has remained under said judgment of conviction since that time. She was confined for a time in a private asylum and released to the custody of her husband. She was in April, 1902, again released, on parol, to the custody of her husband on May 16th, 1903, in whose care and custody she remained until his death. Her husband did business as a loan and real estate agent, and also as The Rohrer Bank, in which Mrs. Rohrer was said to be a partner, and who it appears worked as a bookkeeper at times in her husband's offices; property, real and personal was taken and held in her name. She seems to have been commissioned as a Notary Public during that time.

About the 1st day of December, 1916, Rohrer being in ill health, and accompanied by his wife, left for Chicago, Illinois, where he died January 3rd, 1917. At the time of leaving for Chicago he left his office and all his business matters in the exclusive charge of Mrs. Martha L. Wagenblast, who had been his bookkeeper and office assistant for more than a year prior to that time.

Three days subsequent to the death of Rohrer, Mrs. Wagenblast caused to be recorded a warranty deed from Elizabeth M. Rohrer to herself, conveying the premises involved in this action, viz: parts of Block 37, Byers addition to the city of Denver, more particularly described in the deed, and on which at that time had been erected a garage, which was rented and producing an income of $110.00 per month, the property being variously estimated to be of the value of from $5,800 to $10,000, and which income was being collected by Mrs. Wagenblast under claim of title.

At the trial in this case there was produced a contract between Elizabeth M. Rohrer and Wagenblast, purporting to bear date of August 10th, 1916, wherein Mrs. Rohrer agreed to sell to Wagenblast the premises described in

the deed for $5,031.30 in monthly payments; Wagenblast to pay all taxes; Mrs. Rohrer to execute a deed on full compliance, and if sold by Wagenblast, then such sale price to be divided between the two, over and above the sum of $5,800.

After the death of Rohrer, C. W. Darrow was appointed as convervator of the estate of Elizabeth M. Rohrer, the insane widow. Subsequently the conservator instituted a suit in the District Court of the City and County of Denver to cancel and set aside the warranty deed from his ward to Wagenblast.

The complaint alleged the insanity of Elizabeth M. Rohrer; that the deed was not the free and voluntary act of the grantor, was without consideration or delivery and was void.

The answer of Wagenblast admitted the judgment of insanity against Elizabeth M. Rohrer, and that the same had not been reversed, but alleged her release from the asylum, and her activity in the business affairs of her husband; further that she was sane, and that defendant had no knowledge of the lunacy proceeding at the time of the transaction.

It was further alleged that Elizabeth M. Rohrer, had no interest in the premises, and was used as a mere instrumentality through which the contracts were made.

Further, that defendant had made the payments stipulated in the contract, and had contributed the sum of $3,700 toward the construction of the garage, and that Rohrer on the occasion of his leaving for Chicago, gave and delivered the deed to defendant in consideration of kindness on the part of herself and husband, and that she thus became the owner of the property in fee.

While that suit was pending and undetermined in the District Court, Darrow as conservator, defendant in error, filed a petition in the County Court asking an order authorizing him to compromise the suit to cancel the deed to Wagenblast for the sum of $2,500 to be paid by her to the estate.

The administrator of the estate of William H. Rohrer concurred in this petition.

It may be stated that Elizabeth M. Rohrer had an estate of her own of some fourteen thousand dollars, and that she is the sole heir at law of William H. Rohrer, deceased, who left an estate estimated to be of the value of $60,000. To this petition of the conservator Margaret H. Murphy, sister and sole heir at law, of Elizabeth M. Rohrer, insane, filed answer and objections upon the part of herself, and as next friend to the insane widow.

The answer and objections alleged among other things, 1, Want of jurisdiction, power or authority of the County Court to authorize such compromise of the suit, 2, That such settlement as proposed involved the right, title and ownership of the property in question; that the District Court had exclusive jurisdiction of the matter in suit then pending, 3, That the proposed compromise, upon the consideration suggested, is illegal and is invalid; is against public policy; obnoxious to the pure administration of justice, and injurious to the interests of the ward and the public, and is not an adequate consideration.

The County Court sustained the petition and entered an order directing the conservator to so compromise the suit. This order and judgment, the plaintiff in error seeks to review.

The County Court in its ruling sets forth the consideration presented, upon which it bases its ruling as follows:

"The matters to which the court referred as being matters not arising in the hearing of this petition are that large and numerous claims have been filed against the estate of William H. Rohrer, deceased, of which estate Mrs. Elizabeth M. Rohrer is the sole beneficiary. It has been suggested to the Court that these claims are probably false, fraudulent and fictitious, and that it will be extremely difficult to successfully resist these claims, especially without the favorable evidence of Mrs. Wagenblast, the defendant in the case in the District Court; and it has been suggested

to this court that unless the litigation between the conservator and Mrs. Wagenblast in the District Court is compromised, it might be extremely difficult, if not impossible, to have any testimony with which to successfully resist the allowance of these claimed fraudulent claims."

This inducement was that solely relied on by the conservator and clearly so by the court, as the basis of his order. That is to say; Mrs. Wagenblast having been in full and confidential charge of Rohrer's business, and probably the only witness upon which the administrator could rely for testimony with which to defeat the alleged unjust claims against the estate; the court for such reason felt justified in ordering the settlement in order to avoid antagonizing her in her claim to the property involved.

It seems to have been the fear of the conservator that because of such possible antagonism, Mrs. Wagenblast might testify falsely, or not testify at all, or perhaps not testify to the whole truth.

It is nowhere asserted in the petition or in the findings of the court that Mrs. Rohrer had been relieved from the judgment of insanity against her, or that she was sane in fact, or competent to attend to her business affairs. Neither was it asserted in the petition or by the conservator, or intimated by the court that the deed to Mrs. Wagenblast was a valid instrument.

Whether or not Mrs. Rohrer was in fact sane at the time of the execution of the deed, or whether if so sane, she had the legal capacity to execute the deed, in the face of the existing judgment of insanity, are questions not before us, and remain for determination by the District Court in the suit there pending.

In the verified complaint of the conservator, in the District Court, made a part of the petition in this case, the conservator asserts that:

"Plaintiff says that said paper in form of warranty deed above referred to and recorded as document 177104 is not the deed of the said Elizabeth M. Rohrer, nor is the same

her free and voluntary act, nor did she ever execute, acknowledge or deliver the same, nor was the same executed, acknowledged or delivered by any one for her, acting by way of power of attorney or otherwise, with her authority; nor did the said Martha L. Wagenblast pay any consideration therefor or give any consideration or agree to pay or give any consideration for said property to the said Elizabeth M. Rohrer; but that on the other hand the said deed or purported deed, is fraudulent, spurious, without consideration and void."

Nothing appears in the record to indicate that the conservator held a contrary view at the time of filing his petition, or upon the hearing thereof. Concretely then, the petition and order of the court was based upon the proposition that it was proper to tolerate the wrong against the estate of the insane woman, for fear of the commission of a greater wrong against the estate of Rohrer.

There is not the slightest suggestion in the petition of the conservator that such a settlement with Wagenblast would be fair or just, or in the interest of or to the benefit of the estate of which the petitioner is the conservator.

There are many assignments of error but we think it not important to consider but two of these:

1. Under the facts and circumstances appearing, the County Court was without power or authority to grant the order of compromise. 2. The consideration inducing the granting of the order was insufficient and contrary to public policy as well as in contravention of ethical judicial administration.

We refrain from discussing other assignments of error, more particularly because of the possible bearing these may have upon the pending case in the District Court, which must proceed to trial, in view of the decision in this case.

Section 4691, Mills. Ann. Stat. 1912, provides:

"All contracts, agreements, and credits with or to any such lunatic, shall be absolutely void as against such person, his or her heirs or personal representatives; but per-

sons making such contracts or agreements with any such lunatic shall be bound thereby at the election of his or her conservator.  If any person shall, by trading, bartering or gaming with any lunatic person, knowing him or her to be such, or by any other device, obtain possession of or title to any lands, tenements, goods or chattels of any such lunatic, he shall be deemed guilty of swindling, and upon conviction thereof shall be liable to all the penalties of swindling, as in other cases; and all property so acquired shall be restored to such lunatic, his or her conservators, heirs, executors or administrators."

It is not disputed that at the time Elizabeth M. Rohrer is alleged to have executed the written contract for the sale of the property in question, and the warranty deed purporting to convey the same to Wagenblast, she was an adjudged lunatic.  Then under this section of the statute, the contract and the deed were absolutely void, and there was but one clear course for the District Court and that was to restore the property, so alleged to have been conveyed, to the lunatic or her conservator.

To compromise a suit instituted to set aside such a void deed is to nullify the statute.  It is by judicial decree to inject life and vitality into an instrument which the law imperatively prohibits as contrary to public policy.  It is in effect a conveyance of the property of the lunatic, not within any purpose authorized by law.

The record discloses that the estate of the lunatic is solvent, as is that of the larger estate of William H. Rohrer, deceased, and of whom Elizabeth A. Rohrer is the only heir.

It is not a sale the purpose of which is to pay debts of the ward; nor for obtaining funds for her support, nor is it the sale of a claim belonging to the estate which is for any reason disputed.  The only authority under our law for the County Court to compound a claim is in case of one, desperate for any cause.  Section 7960 Mills Ann. Stat. 1912.

The claim of title to the property under the facts presented in this record cannot be said to be desperate in any sense. It is palpably invalid as against the estate. It is a settled principle of law that neither guardians nor courts having jurisdiction over the estates of incompetent persons, have power to bind the persons or estates of such persons unless expressly authorized to do so by law. *Andrus v. Blazzard,* 23 Utah 233, 63 Pac. 888, 51 L. R. A. 354; *Warren v. Union Bank,* 157 N. Y. 259, 51 N. E. 103, 43 L. R. A. 256, 68 Am. St. 777.

But it is clear that the inducement for the compromise was the expectation that such a settlement would effect the disposition of the witness to give testimony favorable to the estate of William H. Rohrer in the matter of the alleged fraudulent claims against it. This consideration must be held to be immoral, contrary to sound public policy, and subversive to the pure administration of justice.

Doubtless the conservator and the court had in mind only the protection of the estate which they justly feared might be imperiled by the testimony of a witness, if defeated in her own desire to accomplish a selfish if not a criminal purpose.

But we can see no distinction in moral effect, between such an inducement and one that has for its purpose the securing of testimony of a particular character to win a suit, universally condemned by all courts. Clearly then, the consideration or inducement to make the order was insufficient in law as being against good morals, and the County Court was without power to do so, under our statutes.

Therefore the order of the County Court authorizing the compromise of the claim of Mrs. Wagenblast is set aside, and the case pending in the District Court must be tried on its merits.

The judgment is reversed.

Garrigues, C. J., and Denison, J., concur.

Decided June 2, A. D. 1919.  Rehearing denied July 7, A. D. 1919.