## No. 9941.

### DARROW, CONSERVATOR *v.* ROHRER, ET AL.

#### Decided June 5, 1922.

Petition by conservator for leave to compromise a claim. Petition denied.

### *Reversed.*

1. WORDS AND PHRASES—*"Desperate"—"Hope"*. "Desperate" means without hope. "Hope" denotes some degree of expectation.

2. INSANE—*Estate—Compromise of Desperate Claim.* Facts reviewed and held, that the county court should exercise its discretion in passing upon a petition to compromise an alleged desperate claim owing the estate of an insane person.

*Error to the County Court of the City and County of Denver, Hon. Ira C. Rothgerber, Judge.*

Mr. C. W. DARROW, Messrs., DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Mr. BARNWELL S. STUART, Mr. JOHN J. MORRISSEY, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DARROW, plaintiff in error, is conservator of the estate of the defendant in error, Elizabeth M. Rohrer, appointed by the county court of Denver. He brought a suit against one Mrs. Wagenblast, to set aside a deed from his ward to her, on the ground that it was the deed of a lunatic.

Pending that suit he applied to the county court and obtained leave to compromise the suit by the payment to him of $2500 and the conveyance of a small house worth $600. The payment was made and the conveyance executed and they are still held by the conservator. That order of the county court was brought here on error, and we reversed it on the ground that the claim was not shown to be desperate, (R. S. § 7161) and that the purpose of the compromise, which was stated to be to enable the estate of the lunatic's deceased husband to more readily defend against certain unjust claims through Mrs. Wagenblast's evidence, was an illegal purpose. We declined to determine whether Mrs. Rohrer was actually insane or whether, she having been adjudged insane, her insanity could be questioned in the case in the district court; but we directed that that case be tried on its merits. *Rohrer v. Darrow,* 66 Colo. 463, 182 Pac. 13.

The case was tried on its merits. The district court took up the question of Mrs. Rohrer's sanity; found that she was sane at the time of the delivery of the deed, and that the deed was in effect a release of a mortgage and was valid, and rendered a decree in favor of Wagenblast. Thereupon the conservator again applied to the county court for leave to compromise as before. The judge of that court stated that he considered it for the best interests of the estate to make the compromise, but that he regarded his court as controlled by the opinion of this court and therefore he directed the conservator to bring the

district court case here and also to sue out a writ of error upon his own judgment denying the petition for leave to compromise.  The case now before us is on error to the county court upon said denial; the district court case is also here and is determined with this.

The county court was not concluded by our former decision from granting the second petition to compromise. Neither of the reasons for our decision necessarily existed when that petition was presented.  The decision of the district court had put the claim against Wagenblast in a different position and we cannot say that the county court might not justly regard it as desperate.  Desperate, means without hope.  Hope, denotes some degree of expectation. If there was no expectation whatever, the case would be desperate even though success might still be regarded as possible; and if the settlement appeared to be for the benefit of the estate without regard to the question of Mrs. Wagenblast's testimony then it would be proper to grant the relief.

Our conclusion is that the county court should have exercised its discretion and should have directed the conservator to consummate the compromise, if, as it seems was the fact, it regarded that as desirable and proper.

We are affirming the judgment of the district court on its finding that the transaction between Wagenblast and Rohrer was a mortgage and had been fully paid.  We assume that the said payment of $2500 by way of compromise was regarded by the district court as fully discharging the claims of Mrs. Rohrer as heir of her husband under the contract shown in that case.  If so, from the facts now before us, we can see no reason why the compromise should not be consummated.

The judgment is reversed with directions to the court to consider, upon such facts as may be brought before it, whether the compromise is desirable and proper and exercise its judgment.

MR. JUSTICE TELLER sitting as chief justice.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating,