# No. 10,011.

### ROHRER *v.* WAGENBLAST, ET AL.

#### Decided June 5, 1922.

Action to set aside deed.   Judgment for defendant.

*Affirmed.*

1.   APPEAL AND ERROR—*Deed—Validity—Harmless Error.*   In an action to set aside a deed executed by one alleged to have been insane, the deed being in fact a release of a mortgage, the in-

debtedness secured by which had been fully paid, it was immaterial whether it was error to try the question of the sanity of the grantor, or whether the deed was valid, as title to the property must be held to be in the grantee.

2.   *Fact Findings.*   Findings of the trial court supported by competent evidence will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

, Mr. BARNWELL S. STUART, Mr. JOHN J. MORRISSEY, for plaintiff in error.

Messrs. SABIN & McGLASHAN, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ELIZABETH M. ROHRER brings error upon a decree of the district court of Denver declaring valid a deed from her to the defendant in error, Wagenblast. See *Rohrer v. Darrow,* 66 Colo. 463, 182 Pac. 13, and *Darrow v. Rohrer,* 207 Pac.- 861, decided at the present term.

The essential facts are as follows: Darrow, as conservator for the present plaintiff in error, brought a suit in the district court to set aside a deed from his ward to Mrs. Wagenblast, on the ground that the grantor, at the time of the execution of the deed, was an adjudged lunatic. The decree found that though adjudged a lunatic, she, at the time of the execution of the deed, was not such; that the title to the property described in the deed had been in her to secure an indebtedness which had been fully paid and that she had no further interest therein. The effect of this decree was of course that she was a mortgagee and that the deed in question was a release, and, since Rohrer was .a mortgagee and the debt was paid, Mrs. Wagenblast was entitled to a release whether Mrs. Rohrer was sane or insane. If there had been no deed, with these facts before the court, it could not have refused a decree for a release. It is immaterial, therefore, whether it was error to try the question of the sanity of the adjudged

lunatic or whether the evidence was sufficient to show Mrs. Rohrer to be sane, or whether the deed was valid. Even if all these things were erroneously determined there is no prejudice because in any event the title to the property must be held to be in Mrs. Wagenblast.

It is urged that the proof that the transaction was a mortgage must be beyond a reasonable doubt and that no such proof is shown; but it does not appear from the record that the judge below, where the witnesses all appeared, might not justly have been convinced beyond a reasonable doubt, and so we cannot say he was wrong; and, so far as payment is concerned, the defendant in error has paid, including the $2500 mentioned in *Rohrer v. Darrow, supra,* enough to justify the court in finding that she has fully discharged all liability secured by the contract between her and Rohrer which is shown in the record.

We find nothing incompetent in the testimony of the witnesses Howard and Parsons. It is not necessary to discuss these matters because they depend on elementary principles.

Judgment affirmed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.