(June 27, 1922.)

EDWIN L. CALL and LOUISE J. CALL, Appellants, v. V. A. COINER, Respondent.

[207 Pac. 1076.]

USE AND OCCUPATION OF LAND—CONSENT OF OWNER.

    *Held,* since the land in controversy was occupied and cultivated with the tacit consent of appellant, he has no right to recover from respondent the value of the crops, but, in any event, can recover no more than the reasonable rental value of the land.

    35 Idaho—37

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Action to recover value of crops. From judgment for defendant, plaintiff appeals. *Affirmed.*

Ariel C. Cherry and Ralph P. Quarles, for Appellants.

The motion of plaintiffs for a new trial should have been granted as the evidence shows complete title in the plaintiffs, and under the law defendant was liable whether he was permitted to cut the hay or not, it being without the consent of the plaintiffs. (38 Cyc. 1233, and authorities cited.)

E. W. Whitcomb, for Respondent.

There exists no question about Coiner seeding the ground in question, irrigating it, and cutting the hay through a series of years, with the knowledge and consent of Call, the appellant, and that such work was done under a claim of right. This would amount to a license or permission on the part of Call, who would be equitably estopped from making any claim to the emblements for the first time in 1918. (10 R. C. L. 792, par. 105; note in Ann. Cas. 1913A, 74; *Munsch v. Stelter,* 109 Minn. 403, 134 Am. St. 785, 124 N. W. 14, 25 L. R. A., N. S., 727; *McBroom v. Thompson,* 25 Or. 559, 42 Am. St. 806, 37 Pac. 57; *Rogers v. Portland & B. Street Ry.,* 100 Me. 86, 60 Atl. 713, 70 L. R. A. 574.)

A party is estopped from asserting title to real property who stands by knowing the fact and sees another enter upon his land under a claim of right and make expenditures thereon. (10 R. C. L. 782, par. 98, cases cited.) This rule should apply with especial emphasis where crops alone are involved, and not the title to the land.

DUNN, J.—On May 11, 1905, Alma S. Barnett made a desert land entry at the Hailey land office which, after survey, was conformed to the official survey and embraced, with other lands, lot 3, section 5, township 17 north, range 25 E., B. M., which entry passed to patent October 30, 1916.

On February 2, 1917, appellant took title to this lot with the other land covered by the patent by deed from Barnett, and said patent was recorded in the office of the recorder of Lemhi county on February 26, 1917. On January 12, 1912, respondent made application in said land office under the forest homestead law for a tract of land for which he afterward received final certificate erroneously embracing a portion of said lot three. It appears from the evidence that the land in controversy, amounting to about two and one-half acres, was reclaimed by respondent and was seeded to hay and the crops removed therefrom by him up to and including the year 1918. Both appellant and respondent appear to have been aware, during the years 1917 and 1918, of the conflict between these two entries but not to have known exactly where the line would run separating the patented land from that claimed by respondent. While appellant claimed the land in controversy and in fact was the owner of it during the years 1917 and 1918, respondent's occupation and use of it during those years appears to have been with the tacit consent of appellant. Whatever labor or expense was incurred in the growing and harvesting of the hay was provided by the respondent. In this situation if appellant is entitled to compensation from respondent, which we do not decide, he can recover only the reasonable rental value of the land during those years. In this action he is suing for the full value of the crops grown upon said lands during said years, and this he is not entitled to recover. The verdict of the jury was correct. The judgment is therefore affirmed, with costs to respondent.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.