(May 29, 1925.)

W. H. MILES, Appellant, v. JOHAN JOHANSON and ESTHER A. JOHANSON, His Wife, Respondents.

[238 Pac. 291.]

APPEAL AND ERROR—DISMISSAL—INSANITY—ADJUDICATION OF INSANITY —RESTORATION TO CAPACITY—CAPACITY TO CONTRACT—RESCISSION —DAMAGES—PLEADING—TENDER—ACCEPTANCE — EVIDENCE OF REASONABLE RENTAL VALUE.

1.   Failure of sureties to justify under C. S., sec. 4590, is not a ground for dismissal of an appeal.

2.   A contract for the sale of lands and a deed thereunder, given by an adjudged insane person, are, under C. S., sec. 4590, absolutely void.

3.   An adjudged insane person cannot make a valid contract of sale or deed until restored to capacity either by certificate of the medical superintendent or resident physician of the asylum to which committed or a judicial decree.

4.   Expenditures claimed to have been made on account of a void contract, unless plead as damages, may not be recovered in an action for rescission of the contract.

5.   Evidence of the value of particular crops grown on land not admissible as showing cash rental value thereof.

APPEAL from the District Court of the Eleventh Judicial District, for Jerome County. Hon. William A. Babcock, Judge.

Action to rescind contract. Judgment for defendants. *Reversed with instructions.*

Bothwell & Chapman and Henry M. Hall, for Appellant.

After a person's incapacity has been judicially determined he cannot make any valid conveyance or other contract nor delegate any power nor waive any right until his restoration to capacity. Our statute provides that such restoration to

Publisher's Note.

2.   Contracts of insane persons, see note in 71 Am. St. 425.

capacity shall be established by the certificate of the medical superintendent or resident physician of the insane asylum to which such person may have been committed, showing the discharge of such person therefrom cured and restored to reason; such fact cannot be established in any other manner or by any other proof in an action of this nature. (C. S., secs. 1177–1191, 4588–4590, 5661; *Knorp v. Board of Police Commissioners,* 31 Cal. App. 529, 161 Pac. 12; *Kellogg v. Cochran,* 87 Cal. 192, 25 Pac. 677, 12 L. R. A. 104; *Cundall v. Haswell,* 23 R. I. 508, 51 Atl. 426; *National Metal Edge Box Co. v. Vanderveer,* 85 Vt. 488, Ann. Cas. 1914D, 865, 82 Atl. 837, 42 L. R. A., N. S., 343; *Ex parte Hinkle,* 33 Ida. 605, 196 Pac. 1035; *Byers v. Solier,* 16 Wyo. 232, 93 Pac. 59, 14 L. R. A., N. S., 468; *Plaster v. Rigney,* 97 Fed. 12, 38 C. C. A. 25; *Harris v. Jones,* 188 Ala. 633, 65 So. 956; *Birmingham Ry., L. & P. Co. v. Hinton,* 158 Ala. 470, 48 So. 546; *Gray v. Turley,* 110 Ind. 254, 11 N. E. 40; *Rogers v. Blackwell,* 49 Mich. 192, 13 N. W. 512; *Gates v. Cornett,* 72 Mich. 420, 40 N. W. 740; *Achatz v. Bailey,* 108 Neb. 272, 187 N. W. 641; *Hanley v. National Loan & Investment Co.,* 44 W. Va. 450, 29 S. E. 1002; *Brown v. Carmichael,* 149 Ga. 548, 101 S. E. 124; *McClure Realty & Investment Co. v. Eubanks,* 151 Ga. 763, 108 S. E. 204; *Johnson v. Schoch,* 85 Kan. 837, 118 Pac. 696; *Godwin v. Parker,* 152 N. C. 672, 68 S. E. 208, *Rohrer v. Darrow,* 66 Colo. 463, 182 Pac. 13; *First National Bank v. Tribble,* 155 Ark. 264, 244 S. W. 33; *Kirk v. McClendon,* 94 Okl. 33, 220 Pac. 949; *Prudential Society v. Ray,* 207 App. Div. 496, 202 N. Y. Supp. 614.)

The reasonable rental value of the premises in question during the time they were used and occupied by appellant cannot be established by proof of the amount of revenue received by appellant during the season of 1921 from specific sales of potatoes produced thereon. (*Curry v. Sandusky Fish Co.,* 88 Minn. 485, 93 N. W. 896; *More v. Deyoe,* 22 Hun (N. Y.) 208; *Ruckman v. Imbler Lumber Co.,* 42 Or. 231, 70 Pac. 811; *Cluck v. Houston T. & C. R. Co.,* 34 Tex. Civ. 452, 79 S. W. 80.)

Opinion of the Court—Givens, J.

E. D. Reynolds and E. J. Hornibrook, for Respondents.

"The competency or incompetency, sanity or insanity, of a person at the time of a given transaction may be proven by laymen or nonexpert witnesses." (*Weber v. Della Mountain Mining Co.*, 14 Ida. 404, 94 Pac. 441; *Ratliff v. Baltzer's Admr.*, 13 Ida. 152, 89 Pac. 71; *Topeka Water Supply Co. v. Root*, 56 Kan. 187, 42 Pac. 715; *Walker v. Coates*, 5 Kan. App. 209, 47 Pac. 158.)

The fact that sureties on appellant's appeal bond have not justified is ground for dismissal of the appeal under C. S., sec. 7168. (*Farnworth v. Veit*, 39 Ida. 40, 225 Pac. 1023.)

The finding of a jury upon a substantial conflict of evidence will not be disturbed, though the evidence seems to preponderate in appellant's favor. (*Ramsbottom v. Fitzgerald*, 5 Cal. Unrep. 941, 52 Pac. 149.)

A verdict on conflicting evidence will not be disturbed if there is any substantial evidence on which to base it. (*Friedrich v. Donahue*, 20 Ida. 92, 116 Pac. 1029.)

GIVENS, J.—Respondent moves to dismiss the appeal because of the failure of the sureties to justify and appellant's failure to secure new sureties after their sufficiency had been excepted to. C. S., sec. 7154, provides:

"The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding $300; or that sum must be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal."

An undertaking in proper form was executed by appellant and the sufficiency of the sureties was excepted to by respondents under C. S., sec. 7161, but the sureties did not appear and justify. C. S., sec. 7161, provides:

"The adverse party may except to the sufficiency of the sureties to the undertakings mentioned in sections 7154, 7155, 7156 and 7158 at any time within 30 days after filing

of such undertaking; and, unless they or other sureties, within 20 days after the appellant has been served with notice of such exception, justify before a judge of the court below, or the probate judge of the county, upon five days' notice to the respondent of the time and place of justification, execution of the judgment, order or decree appealed from is no longer stayed.''

The effect of the failure of sureties to justify under this section has not been passed upon by this court. Kerr's Cyc. Codes of California, Code of Civil Procedure, secs. 941 and 948, were identical to C. S., secs. 7154 and 7161, respectively, and California in a line of decisions construing these sections has held that failure of the sureties to justify is not a ground for a dismissal of the appeal, but merely operates to avoid the stay of execution of the judgment, order or decree appealed from. (*Gooby v. Hanson,* 70 Cal. xix, 11 Pac. 489; *Hill v. Finnigan,* 54 Cal. 311; *Schacht v. Odell,* 52 Cal. 447; *Wittram v. Crommelin,* 72 Cal. 89, 13 Pac. 160; *Swasy v. Adair,* 83 Cal. 136, 23 Pac. 284; *Duncan v. Times-Mirror Co.,* 109 Cal. 602, 42 Pac. 147; *St. Clair v. Joos,* 66 Cal. App. 398, 226 Pac. 623; *King v. Pony Gold Min. Co.,* 24 Mont. 470, 62 Pac. 783; *Threlkeld v. O'Neal,* 26 Mont. 209, 553, 66 Pac. 940, 71 Pac. 1132.)    From C. S., sec. 7161, the meaning is clear that for such a failure, the execution of the judgment, order or decree appealed from is no longer stayed, and it is not provided in this section or any other section that the failure operates to make the bond void. The supreme court of Washington has held that the failure of sureties to justify is a ground for dismissal. (*Starling v. Burdette,* 28 Wash. 261, 68 Pac. 723) but there the statute provides that ''the bond shall be void'' if the sureties fail to justify.

This action was for the rescission of a written contract under which appellant purchased from respondents 80 acres of land, together with the appurtenant water right and certain personalty, on the grounds that false representations and statements were made by respondents as to the sufficiency and kind of water right for the land and that Esther

A. Johanson, one of the respondents, was insane at the time the contract was executed which rendered the contract void.

Appellant contends that the trial court had no jurisdiction to inquire into or pass upon the mental condition of the respondent Esther A. Johanson, with reference to her capacity to contract at the time she executed the contract under consideration, for the reason that after a person's incapacity has been judicially determined, such person cannot make any valid conveyance or other contract until his restoration to capacity (C. S., sec. 4590), and that such restoration may be established only by the certificate of the medical superintendent or resident physican of the insane asylum to which the person may have been committed, showing the discharge of such person therefrom cured and restored to reason, and that the person's capacity may not be shown in any other manner or by any other proof, basing such contention on C. S., sec. 4590, which provides:

"After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor delegate any power or waive any right until his restoration to capacity. But a certificate from the medical superintendent or resident physician of the insane asylum to which such person may have been committed, showing that such person had been discharged therefrom cured and restored to reason, shall establish the presumption of legal capacity in such person from the time of such discharge."

It appears that Mrs. Johanson was adjudged insane and committed to the asylum at Blackfoot, February 10, 1920, where she underwent treatment until May 18, 1920, when she was paroled to her husband. No guardian was appointed for Mrs. Johanson.

C. S., sec. 4590, is to be read in connection with C. S., sec. 4589, which provides that a conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission, and C. S., sec. 4588, pro-

vides "that a person entirely without understanding has no power to make a contract of any kind." Reading these three sections together it is apparent that where a person has been judicially determined insane his incapacity to make a contract has been judicially determined and the words "restoration to capacity," except for the provision in the latter portion of C. S., sec. 4590, making the physician's certificate *prima facie* evidence of his legal capacity, means a judicial restoration to capacity.

"It is not disputed that at the time Elizabeth M. Rorher is alleged to have executed the written contract for the sale of the property in question, and the warranty deed purporting to convey the same to Wagenblast, she was an adjudged lunatic. Then under this section of the statute, the contract and the deed were absolutely void, and there was but one clear course for the district court; and that was to restore the property, so alleged to have been conveyed, to the lunatic or her conservator.

"To compromise a suit instituted to set aside such a void deed is to nullify the statute. It is by judicial decree to inject life and vitality into an instrument which the law imperatively prohibits as contrary to public policy. It is in effect a conveyance of the property of a lunatic, not within any purpose authorized by law." (*Rohrer v. Darrow,* 66 Colo. 463, 182 Pac. 13; *Plaster v. Rigney,* 97 Fed 12, 38 C. C. A. 25; *Wilkinson v. Wilkinson,* 129 Ala. 279, 30 So. 578; *Byers v. Solier,* 16 Wyo. 232, Ann. Cas. 1914D, 865, 93 Pac. 59, 42 L. R. A., N. S., 343; *Galloway v. Hendon,* 131 Ala. 280, 31 So. 603; *Dougherty v. Powe,* 127 Ala. 577, 30 So. 524; *Rogers v. Blackwell,* 49 Mich. 192, 13 N. W. 512; *Godwin v. Parker,* 152 N. C. 672, 68 S. E. 208.)

Since, after Mrs. Johanson was adjudged insane and committed to the asylum, no certificate was issued by the medical superintendent or resident physican restoring her to capacity nor was there any judicial determination of her restoration to capacity, she was without legal capacity to contract.

Appellant complains of the court's action in permitting respondents, over appellant's objection, to withdraw what appellant claims was a tender or offer of complete rescission

of the contract. The record does not show that such offer or tender was either made to or accepted by appellant or that the court passed on it.

Having come to the conclusion that the contract of sale and deed were void because of the incapacity of Mrs. Johanson, upon the retrial of this case the only issues will be the amount of money paid by appellant and the reasonable rental value of the land.

Two additional assignments of error cover points which thus may be material in the new trial and will now be considered.

Appellant sought to show the cost of additional water procured by him to irrigate the land in question during the season it was occupied by him, contending that such evidence was admissible to show the damage sustained by him and to reduce the reasonable rental value of such lands. The first reason is no longer valid. Appellant cites authorities to the effect that upon an action of deceit or fraud the plaintiff may claim as damages the expenditures approximately necessary and resulting from the deceit and fraudulent representations. These authorities are not in point as to the purchase of this water for two reasons; such payments are not plead as damages and they cannot be considered in the nature of an improvement.

In *Southern Pacific Land Co. v. Meserve*, 186 Cal. 157, 198 Pac. 1055, an action to recover possession of land and for damages, it was urged that the party in possession was entitled as damages to the amount of money expended by him in procuring water for use on the land while he occupied it; the court said:

"The measure of damages for the wrongful occupation of land is the value of its use during the time of such occupation. Civ. Code, sec. 3334. In the circumstances here appearing this would not be the value of the use of both the land and the water. The plaintiff should have been required to prove the rental value of the land alone, taking into consideration the possibility and the expense of getting water thereon. That was its condition when defendants took possession. The application of the defendant's water right

to the land was not, under the conditions existing in that locality, strictly speaking, an improvement on the land; in effect, it was a combination or union of two properties—water and land—the first owned by defendants; the second by plaintiff.''

The only way in which such evidence would be relevant upon the question of reasonable rental value would be to distinguish between such reasonable rental value if the landlord paid the water or if the tenant paid the water. Even in this event the amount paid would be immaterial.

The last assignment of error to be considered, is based upon the admission of evidence showing the price paid to appellant for potatoes in the year 1921, on the ground that such evidence was incompetent, irrelevant and immaterial, not being the method proper to show reasonable rental value, such being the purpose for which it is contended such evidence was received, and respondents, in their brief, evidently coincide with appellant's view that this evidence was for the purpose of showing reasonable rental value, and also in rebuttal of appellant's assertion of insufficient water right. The question of what water right went with the land would, of course, have a material bearing upon the rental value. The amount of water actually available, however, would not necessarily be proof of what water went with the land.

The reasonable rental value of land, among other things, depends upon the kind of land it is, where located, in what condition, and its adaptability to grow crops of a certain kind, but the amount realized in any one year, or from any one particular crop, if the criterion, would make the reasonable rental value depend upon the industry of the person who raised the crop, which would be speculative.

''It is especially contended by appellants that the appellee wrongfully took possession of one of the tracts of land upon which alfalfa was growing, and that he derived therefrom crops of alfalfa of much greater value than the ordinary rental value of the land for the time, and that he should be charged with the value of what he actually received therefrom and should not be credited for improvements made on the land. The evidence, however, justified the finding which

was made, in substance, that both the appellants and the appellee during that time treated the land as the property of the appellee and contracted with reference thereto as such, and that appellee believed that it was his property. Under such circumstances, it was correctly reported by the referee and decided by the court that the ordinary rental value was the true measure of value to which the appellants were entitled. If, under these circumstances, the appellee had derived no real benefit from the use of the land, the appellants would have been entitled to recover the ordinary rental value thereof. To hold otherwise would make the measure of damages purely speculative, depending upon results.'' (*Holmes v. Holt,* 90 Kan. 774, 136 Pac. 246.)

In other words, if the land were in a high state of cultivation, but the crop raised was to be the standard and the tenant raised no crop, he would contend that the reasonable rental value was nothing. On the other hand, if the land was extremely poor land and the tenant particularly industrious in raising a good crop, he would be penalized for his industry. It is thus apparent that the value of any particular item raised upon this particular land would be inadmissible.

In an action for the use and occupation of land, recovery cannot be had for the value of the crops but only for the reasonable rental value of the land. (*Call v. Coiner,* 35 Ida. 577, 207 Pac. 1076.) Only in the event of a share rental would evidence of the value of crops raised be admissible. (*Lutyen v. Ritchie,* 37 Ida. 473, 218 Pac. 430.) This would in no way detract from showing the condition and nature of the land. The above evidence, therefore, was inadmissible for the purpose of showing reasonable rental value. (*Curry v. Sandusky Fish Co.,* 88 Minn. 485, 95 N. W. 896.)

The case is reversed, with instructions to grant a new trial, and it so ordered.

Costs awarded to appellant.

William A. Lee, C. J., Wm. E. Lee, Budge and Taylor, JJ., concur.